[No. 42891.   En Banc.   July 18, 1974.]

JESSE EUGENE HAISLIP, *Petitioner*, v. CHARLES R. MORRIS, *Respondent*.

[See Ann. 5 A.L.R.2d 1080, 1100; 39 Am. Jur. 2d, Habitual Criminals and Subsequent Offenders § 9.]

*Richard Emery* and *Allen Ressler,* for petitioner.

*Slade Gorton, Attorney General,* and *Luzerne E. Hufford, Jr., Assistant,* for respondent.

FINLEY, J.—Petitioner Haislip filed a writ of habeas corpus in this court, which after hearing was referred to the Whatcom County Superior Court for an evidentiary hearing. The findings of that hearing are now before this court to aid in evaluation of petitioner's writ of habeas corpus.

Petitioner Haislip was charged and convicted of two counts of forgery in 1968. Each count consisted of the passing of a forged check in the amount of $20. The prosecution charged that Haislip was an habitual criminal under RCW 9.92.090. The trial court noted that petitioner had been convicted of: car theft in Virginia in 1940; forgery in North Carolina in 1941; forgery in California in 1957; and passing

a bogus check in Arizona in 1960. The trial court held that the prosecution had not established that the Arizona conviction was a felony under Washington law, but held the Virginia, North Carolina, and California convictions sufficient to support sentencing under the habitual criminal act. Accordingly, Haislip was sentenced to life imprisonment pursuant to RCW 9.92.090. This conviction was appealed and affirmed, *State v. Haislip*, 77 Wn.2d 838, 467 P.2d 284 (1970).

Haislip alleges in his petition that sentencing under the recidivist statute was improper as: (1) the Virginia and North Carolina convictions were constitutionally invalid as he was not represented by counsel at either proceeding, and (2) the Arizona bogus check conviction did not constitute a felony under Washington law. Thus, petitioner asserts that he had only *one* valid prior conviction, in California, and therefore he could not be sentenced as an habitual criminal. The Superior Court for Whatcom County has conducted an evidentiary hearing upon the nature and circumstances surrounding petitioner's four prior convictions.

The findings of the Superior Court conclusively determined that, indeed, petitioner was not represented by nor validly waived counsel with regard to his 1940 Virginia or his 1941 North Carolina convictions. It is now a well settled principle of constitutional law that a conviction invalid under *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963), may not be used under a recidivist statute to enhance the sentence for a later conviction, *Burgett v. Texas*, 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), or considered in the sentencing process, *United States v. Tucker*, 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972). Thus, neither petitioner's Virginia nor North Carolina convictions may be considered as convictions under Washington's recidivist statute, RCW 9.92.090.

The Superior Court determined that at the 1957 California conviction the petitioner was accorded counsel at all critical stages and that the California offense constituted a

felony under Washington law. Accordingly, the California conviction may be considered under RCW 9.92.090.

Finally, petitioner contends that his 1960 Arizona felony conviction for passing a bogus check does not constitute a felony under Washington law. We agree with the finding of the Whatcom Superior Court that the Arizona conviction is properly deemed a gross misdemeanor under Washington law. *See* RCW 9.54.090. Our recidivist statute, RCW 9.92.090, requires:

> Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, *whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony,* . . . shall be punished by imprisonment in the state penitentiary for life.

(Italics ours). As the Arizona conviction did not constitute a felony under the laws of this state, it may not be used to enhance petitioner's sentence.

We must conclude, therefore, that for purposes of RCW 9.92.090, petitioner Haislip had, at the time of sentencing, only one prior conviction cognizable under RCW 9.92.090. In our opinion, this cause should be remanded to the Superior Court for Whatcom County for resentencing on the two counts of forgery with credit to be allowed for the time already served. It is so ordered.

HALE, C.J., and ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.