[No. 2686–3.   Division Three.   June 12, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT
J. CASTILLO, *Appellant*.

*Paul D. Edmondson,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *John C. Monter, Deputy,* for respondent.

MCINTURFF, J.—The defendant, Robert J. Castillo, appeals the denial of his motion to withdraw his plea of guilty to the crime of forgery. He also attacks the validity

of his conviction under the habitual criminal statute, RCW 9.92.090.[1]

On September 8, 1977, Robert Castillo was charged with the crime of forgery. At the arraignment, he entered a plea of guilty. Thereafter, a supplemental information was filed charging the defendant with having attained the status of a habitual criminal pursuant to RCW 9.92.090.

Mr. Castillo challenges the quality of legal representation he received during the habitual criminal proceeding. In support of his argument that he was denied his Sixth Amendment right to effective assistance of counsel, the defendant points to the following instance of alleged misfeasance by his court–appointed attorney.[2]

Mr. Castillo contends that his attorney failed to discover a defect in his prior conviction for grand larceny, which, if discovered, would have served as an absolute defense to the habitual criminal charge. Specifically, the defendant argues that his prior conviction arising out of the theft of a chain saw, valued in excess of $75, does not qualify as a prior felony conviction under the habitual criminal statute because, at present, a felony conviction under the theft statute, RCW 9A.56.040, requires a theft of property over $250.

█ The present test in this state for determining whether a criminal defendant has received effective assistance of counsel is: "after considering the *entire record,* can it be said that the accused was afforded an *effective representation* and a *fair* and *impartial* trial?" *State v. Thomas,* 71 Wn.2d 470, 471, 429 P.2d 231 (1967); *State v. Adams,* 91 Wn.2d 86, 90, 586 P.2d 1168 (1978). Concerning the fact

---

[1] "Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life."

[2] Counsel on appeal was not trial counsel.

that the grand larceny conviction involved the theft of a chain saw valued at $110 at the time of the conviction and now the same felony theft offense demands that the amount be in excess of $250 is of no moment. The crucial inquiry is whether *at the time* the crime was committed, the act was recognized as a felony in Washington. *State v. Braxton,* 20 Wn. App. 489, 493, 580 P.2d 1116 (1978); 19 A.L.R.2d 235 (1951); *People v. Irving,* 54 App. Div. 2d 765, 387 N.Y.S.2d 697 (1976); *Ex parte Harincar,* 29 Cal. 2d 403, 176 P.2d 58 (1946).

Counsel cites *Haislip v. Morris,* 84 Wn.2d 106, 108, 524 P.2d 405 (1974), and *State v. Jackovick,* 56 Wn.2d 915, 919, 355 P.2d 976 (1960), for the proposition that because the former felony is not now a felony, but is a misdemeanor, it cannot be considered as a felony for the present habitual criminal charge. *Haislip* is distinguishable because the issue was whether an Arizona conviction was a felony in Washington. That is not the issue here. In *Jackovick,* the court said the crimes in Minnesota are "both—and were at the time when the appellant was convicted of those offenses—felonies in the state of Washington." Based upon this statement, counsel states inferentially the crimes must be therefore felonies *at the time* the habitual criminal charge is commenced. We disagree. The court, by the above statement, did not hold it was necessary that the crime be a felony at the time the habitual criminal charge was filed as well as at the time it occurred. The statement of the court could be interpreted to mean that the convictions in Minnesota, then and at the time of the claimed convictions, were felonies in the state of Washington—not that it was mandatory under our habitual criminal statute for the acts to be felonies at the time the habitual criminal charge is commenced.

At least in this instance the substance of the crime of grand larceny has not changed—the taking of property without permission. Merely the amount necessary to constitute a felony has changed because of inflation. Thus, we adhere to the interpretation of RCW 9.92.090 which allows

the conviction of a crime which was a felony at the time it occurred to be used within the meaning of our habitual criminal statute, even though subsequently it has been reduced from a felony to a misdemeanor. Consequently, the conviction of grand larceny in 1976 was properly used to form a partial basis for the habitual criminal charge against Mr. Castillo.

Thus, after considering the entire record we hold that Mr. Castillo received effective representation and a fair and impartial trial.

Judgment of the Superior Court is affirmed.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

MUNSON and ROE, JJ., concur.

Reconsideration denied July 3, 1979.

Review denied by Supreme Court September 7, 1979.