**Earl Andrew POST, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4844.**

Court of Appeals of Alaska.

Nov. 12, 1981.

---

Peter F. Mysing, Arthur S. Robinson and Allen Beiswenger, Asst. Public Defenders, Kenai, and Brian Shortell, Public Defender, Anchorage, for appellant.

Peter A. Michalski, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Earl Andrew Post was indicted by a Kenai grand jury for receiving and concealing stolen property. His indictment contained no allegation as to the value of the stolen property described therein.[1]

At the beginning of his trial, Post decided to change his plea from not guilty to *nolo contendere*. During the taking of the plea, the court advised Post that the maximum imprisonment for the offense charged was three years, the maximum term prescribed for the offense when charged as a felony. Post's counsel stated that he believed the maximum penalty to be one year, since the indictment failed to allege that the stolen property was greater than $250 in value, the factor which distinguished the felony offense of receiving and concealing from the misdemeanor.[2] After hearing argument, the court ruled that the indictment, as written, charged a felony. Post proceeded to enter his plea of *nolo contendere*, but specifically reserved the felony/misdemeanor issue for appeal. The court ruled that Post would have the right to appeal the issue, and the state did not object.

Post was subsequently given a three-year suspended imposition of sentence and was placed on probation, subject to special conditions that he serve thirty days in jail, complete an alcohol treatment program, and repay his attorney's fees. He then brought this appeal, contending that he should have been convicted and sentenced on the misdemeanor offense of receiving and concealing.

■ The state asks initially that Post's appeal be dismissed, arguing that he has not preserved an appealable issue. It contends that the defect in the indictment is not jurisdictional and does not result in failure of the indictment to charge an offense; thus the state argues that Post's challenge to the indictment could properly

---

1. The indictment alleged:

   That on or about the 1st day of August, 1978, at or near Seward, in the Third Judicial District, State of Alaska, EARL ANDREW POST did wilfully, unlawfully, and feloniously receive or conceal property, to wit: microscopes, binoculars, C.B. Radio, C.B. Walkie Talkies and other items of value, knowing that said property had been stolen.

   All of which is contrary to and in violation of AS 11.20.350 and against the peace and dignity of the State of Alaska.

2. Former AS 11.20.350 stated:

   (a) A person who buys, receives, or conceals money, goods, bank notes, or other thing which may be the subject of larceny and which has been taken, embezzled, or stolen from another person, knowing it to have been taken, embezzled, or stolen, is upon conviction punishable by a fine of not more than $1,000 and by imprisonment for not less than one year nor more than three years if the property bought, received, or concealed exceeds $250 in value; if the property bought, received, or concealed does not exceed $250 in value, by imprisonment for not less than one month nor more than one year or by a fine of not less than $25 nor more than $250.00.

have been raised only before trial.[3] However, we believe that the state's argument misses the point. The question Post raises concerns what charge the indictment properly states and thus to what charge he entered an intelligent and valid plea. Post is challenging the sufficiency of the indictment to subject him to enhanced punishment for a felony. While Post does not contend that the indictment fails to charge any crime, he does argue that it is not adequate to charge a felony and that, in entering his plea of *nolo contendere* to the charge stated in the indictment, he could only have been convicted and sentenced for a misdemeanor.

In *Metler v. State*, 581 P.2d 669 (Alaska 1978), the defendant challenged the validity of an indictment based on evidence presented to the grand jury, some of which was wholly incompetent and the rest of which was inadmissible hearsay. The supreme court heard the appeal following Metler's plea of *nolo contendere*, stating that "challenges to the validity of an indictment are jurisdictional questions which are not waived by a plea of *nolo contendere*." *Id.* at 671 n.1, citing *United Brotherhood v. United States*, 330 U.S. 395, 412 n.26, 67 S.Ct. 775, 784 n.26, 91 L.Ed. 973, 987 (1947), and 1 C. Wright, *Federal Practice and Pro-*

*cedure: Criminal* § 177, at 387 (1969). *Cf. United States v. Pearce*, 275 F.2d 318, 324 (7th Cir. 1960) (in order to charge a federal crime, an allegation of value is an "essential or jurisdictional ingredient of the offense defined," even where value could easily be proved); *Stern v. United States*, 204 F.2d 647, 649 (6th Cir. 1953). We believe *Metler* to be applicable here.[4]

■ The state's second contention is that the indictment gave Post sufficient notice that he was charged with a felony. The state argues that a defendant must show surprise or prejudice in challenging defects in the indictment, and that here Post had adequate notice of the charge against him. The state relies primarily on *Thomas v. State*, 522 P.2d 528, 530 (Alaska 1974).[5]

We find *Thomas* distinguishable, for there the element of *scienter* was not expressly alleged in the indictment. The indictment did allege that defendant "unlawfully and feloniously" sold narcotic drugs, and the court found that this language was adequate to convey, by implication, an allegation of intent. The court in *Thomas* thus did not consider the problem of an indictment which failed to charge an essential element at all. In the latter case, an indictment may be fatally defective. *Adkins v. State*, 389 P.2d 915, 916 (Alaska 1964).

---

**3.** In making this argument, the state relies on Alaska R.Crim.P. 12(b)(2), which provides, in relevant part:

> **(b)** *Pre-Trial Motions.* Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Any or all of the following shall be raised prior to trial:
> . . . .
> (2) Defenses and objections based on defects in the indictment or information (other than a failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during pendency of the proceeding)
> . . . .

**4.** Even if this were not a jurisdictional question, Post's right to appeal would be covered by *Deacon v. State*, 575 P.2d 1225 (Alaska 1978) and *Nickels v. State*, 545 P.2d 163 (Alaska 1976). The judge specifically ruled that Post had a right to an appeal, and the prosecutor did not object to acceptance of the conditional plea. To refuse defendant's appeal would render the plea unintelligent and invalid. *Deacon*

*v. State*, 575 P.2d at 1227–28. *See also Cooksey v. State*, 524 P.2d 1251, 1256 (Alaska 1974). The state urges us to restrict the *Deacon* rationale to those cases where a defendant can show prejudice if the cause is remanded for trial. However, we do not believe *Deacon* can properly be distinguished from the circumstances here, and we therefore believe it to be controlling.

**5.** The state further contends that the defendant could have referred to the proceedings before the grand jury to clarify what the charges were, citing *Peterson v. State*, 562 P.2d 1350 (Alaska 1977). This argument again misses the point: the question raised here is not whether the evidence before the grand jury was sufficient to support a felony indictment, but whether the indictment on its face was sufficient to charge a felony. *See State v. Baker*, 197 Kan. 660, 421 P.2d 16, 20 (1966); *State v. Minor*, 197 Kan. 296, 416 P.2d 724, 727 (1966); *Simpson v. Eighth Judicial District*, 88 Nev. 654, 503 P.2d 1225, 1229–30 (1972).

We believe this case to be governed instead by *Donlun v. State*, 527 P.2d 472 (Alaska 1974). In *Donlun*, the defendant was indicted and convicted for burglary in a dwelling. At trial, the evidence showed that the burglary took place at night and that the dwelling was occupied; the trial court considered this evidence in sentencing. The supreme court held that the sentence could not be based on aggravating factors not charged in the indictment.

> We agree with appellant's contention that where a criminal statute provides for graded or enhanced ranges of punishments for aggravated instances of the proscribed offense, an indictment charging the offense must specify the aggravating facts before the defendant can be exposed to an increased range of punishment. . . . If they are not, the maximum sentence prescribed by the aggravated circumstances may not be considered in sentencing the defendant.

*Id.* at 473–74. *See also United States v. Pearce*, 275 F.2d at 324; *United States v. Gordon*, 253 F.2d 177, 180 (7th Cir. 1958), *rev'd on other grounds*, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447; *State v. Dechand*, 13 Or.App. 530, 511 P.2d 430, 433 (1973); and 1 C. Wright, *Federal Practice and Procedure: Criminal* § 125, at 244–45 (1969).

 The state also argues that the word "feloniously," used in the indictment charging that Post did "wilfully, unlawfully, and feloniously receive or conceal property," is sufficient to notify Post that he was charged with a felony. However, the words "felonious" and "feloniously" are not ones with a single definition in law. While some courts have defined them to mean "pertaining to a felony," many courts define them to mean "with criminal intent" or "unlawfully." Black's Law Dictionary (5th ed. 1979). Thus, these terms are not so certain as to give a defendant clear and unequivocal notice that the charge against him is technically a felony.

A proper indictment or information need only consist of a plain, concise and definite written statement of the essential facts constituting the crime charged. Alaska R.Crim.P. 7(c). Our decision today places no greater burden on the state than to draft its indictments carefully, so as to apprise the defendant of the charges against which he will have to defend. *See Adkins v. State*, 389 P.2d at 917; *Simpson v. Eighth Judicial District*, 88 Nev. 654, 503 P.2d 1225, 1229–30 (1972).

This case is REMANDED for further proceedings consistent herewith.