Steven Wayne WASSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 6072.

Court of Appeals of Alaska.

Oct. 8, 1982.

Christine Schleuss, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Wasson was convicted on his plea of *nolo contendere* of the crime of burglary in the first degree in violation of AS 11.46.-300(a)(1). Burglary in the first degree is a class B felony, AS 11.46.300(b).

The trial court concluded that this was Wasson's third felony offense and that consequently he was subject to a presumptive term of six years, AS 12.55.125(d)(2). He further found an aggravating factor and increased Wasson's sentence to seven years.

Wasson raises one issue on appeal; namely, that the trial court erred in finding that one of his prior felony convictions could be used to enhance his current sentence. He concedes that his other felony conviction could properly be considered. Specifically, he contends that a prior conviction for grand larceny under former AS 11.20.140 was based on evidence that on March 28, 1978, he stole approximately $387. Under the criminal code in effect since January 1980, this would have been a misdemeanor. AS 11.46.140. Wasson relies upon AS 12.-55.145 which provides in pertinent part:

(a) For purposes of considering prior convictions and imposing sentence under this chapter.

. . . .

(2) A conviction in this or another jurisdiction of an offense having elements substantially identical to those of a felony defined as such under Alaska law is considered a prior felony conviction . . . .

Resolution of this appeal requires interpretation of the phrases (1) "substantially identical" and (2) "defined as such under Alaska law."[1] Specifically, it requires an answer to the question of whether or not we should examine the Alaska law at the time of the earlier conviction or at the present time in determining whether the prior offense had elements substantially identical to those defined as such under "Alaska law." This question has received substantial attention in reported cases. *See e.g.,* Annotation: Determination of character of former crime as a felony, so as to warrant punishment of an accused as a second offender, 19 A.L.R.2d 227 (1951). A majority of cases interpreting comparable language have held that the law of the forum at the time of the earlier conviction controls. *See e.g. State v. Castillo,* 23 Wash.App. 519, 596 P.2d 312 (1979), and *Ex Parte Harincar,* 29 Cal.2d 403, 176 P.2d 58 (1946).

In *State v. Castillo,* the court interpreted RCW 9.92.090 which provides in relevant part:

Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere of any crime which *under the laws of this state would amount to a felony,* or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which a fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life.

The court concluded "the crucial inquiry is whether *at the time* the crime was committed, the act was recognized as a felony in Washington." (emphasis in the original) (citations omitted), 596 P.2d at 314. The court went on to say:

At least in this instance the substance of the crime of grand larceny has not changed—the taking of property without permission. Merely the amount necessary to constitute a felony has changed

---

1. AS 12.55.145 has been amended to substitute "similar" for "substantially identical" and to focus on past rather than current law. Ch. 143, § 32 SLA, 1982. We consider these amendments a change rather than a clarification of existing law.

because of inflation. Thus, we adhered to the interpretation of RCW 9.92.090 which allows the conviction of a crime which was a felony at the time it occurred to be used within the meaning of our habitual criminal statute, even though subsequently it has been reduced from a felony to a misdemeanor. Consequently, the conviction of grand larceny in 1976 was properly used to form a partial basis for the habitual criminal charge against Mr. Castillo. [Id.]

We, nevertheless, conclude that our legislature intended a different result in enacting AS 12.55.145. We base this conclusion on two factors. First, the statute was not enacted in isolation but was part of an extensive revision of our substantive criminal code and those parts of our code of criminal procedure relating to sentencing. Secondly, we believe the legislature intended to treat convictions under prior codes and convictions under the codes of sister states identically, allowing their use as prior convictions only where their elements were substantially identical to the elements of crimes established in the current code. We find support for this interpretation in the commentary included in the Senate Journal relating to AS 12.55.145:

> Subsection (a)(2) provides that convictions occurring in Alaska prior to the effective date of the Code, or in another jurisdiction, will be considered a prior felony conviction if the crime is defined by elements substantially identical to a felony *under the Code.* [Emphasis supplied].

In context, it is clear that it is the revised code to which the comment refers. Since the value of stolen property is clearly an element of a larceny offense, *see Post v.*

*State,* 635 P.2d 1194 (Alaska App. 1981), it necessarily follows that a former statute providing a lesser value for purposes of qualifying as felony grand larceny does not "have [elements] substantially identical to those of a felony defined as such under [current] Alaska law." Consequently, the trial court erred in using a violation of former AS 11.20.140 as a prior felony to enhance Wasson's sentence.

The judgment of. the superior court is REVERSED and this case REMANDED for resentencing in conformity with the conclusions reached in this opinion.[2]

COATS, Judge, concurring.

This case raises the question of whether a felony conviction under the former grand larceny statute can be used as a prior felony for purposes of imposing a presumptive sentence. The statute in question, AS 12.55.-145(a)(2) provides:

> (a) For purposes of considering prior convictions in imposing sentence under this chapter.
>
> . . . .
>
> (2) a conviction in this or another jurisdiction of an offense having elements substantially identical to those of a felony defined as such under Alaska law is considered a prior felony conviction . . . .

The state has argued that the former grand larceny statute, AS 11.20.140, (Ch. 40, § 1 SLA 1976), which punished as felonies thefts of property where the value is in excess of $250, is "an offense having elements substantially identical" to theft in the second degree, AS 11.46.130, which punishes thefts of property where the value is $500 or more. The state argues that both crimes involve theft of property of substan-

---

2. The state argues that as a matter of law the prior statute is substantially identical because the differences between the jurisdictional amounts is solely attributable to inflation. *See State v. Castillo,* 23 Wash.App. 519, 596 P.2d 312, 314 (1979). Such a test effectively treats "substantially identical" as a question of fact. *Compare Ex Parte McVickers,* 29 Cal.2d 264, 176 P.2d 40, 57–58 (1946) (Spence, J. concurring and dissenting) and *People v. Olah,* 300 N.Y. 96, 89 N.E.2d 329 (1949) (controlling fac-

tor is definition of the offense used as a prior felony). The new code creating a $500 threshold for a felony prosecution was enacted on July 22, 1978, though effective January 1, 1980, while Wasson's prior offense was committed on March 1978; hence, "inflation" does not relieve the problem here. We do not decide whether grand larceny convictions at an earlier time might be considered for purposes of presumptive sentencing under the state's inflation theory.

tial value and that the main reason the element of the offense which sets forth the value of the property has changed is because of inflation.

Both sides have agreed that the value of the property which Wasson was convicted of stealing in 1978 was $387. The state agrees that even with inflation it would be difficult to argue that the value of what Wasson stole would be worth $500 on January 1, 1980, the effective date of the current code. It therefore follows that even if we allow for inflation, Wasson's theft has "elements substantially identical" to AS 11.46.140, theft in the third degree, which is a misdemeanor offense which punishes thefts of property of "$50 or more but less than $500."

It seems to me that the principle that criminal statutes should be strictly construed does not allow us to do anything other than strictly construe the element of value in a theft statute. 3 C. Sands, *Sutherland Statutory Construction* § 59.04 (3rd ed. 1974). I do not believe we can rely on the legislature's former determination that the theft of a certain amount of property was a felony. I also note that the legislature did not say that in order for a prior offense to be a felony that can be used for presumptive sentencing it must be "substantially identical to a felony" under Alaska law. The legislature said that the prior offense must have "elements substantially identical" to a felony under Alaska law. The element of value is a critical element in a theft offense. *See Post v. State,* 635 P.2d 1194 (Alaska App.1981). That element of value has simply not been shown to be "substantially identical" to a felony under the current code. Therefore Wasson's former grand larceny conviction is not "an offense having elements substantially identical to those of a felony defined as such under Alaska law."