**John Anthony LEE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7017.**

Court of Appeals of Alaska.

Dec. 16, 1983.

Alex Swiderski, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Martha Beckwith, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

John Lee pled no contest to assault in the first degree in violation of former AS 11.-41.200(a)(1). Superior Court Judge Seaborn J. Buckalew sentenced Lee to fifteen years in jail and specified that the first ten years of the sentence were imposed under the presumptive sentencing provisions of the revised criminal code, AS 12.55.125–.155. Lee appeals the validity of his sentence, claiming that Judge Buckalew should not have subjected him to presumptive sentencing and that Judge Buckalew's findings with respect to aggravating and mitigating factors were erroneous.

On August 12, 1981, Lee came home after he had been drinking. Lee's wife and son left the house upon Lee's return; Lee then fired two gunshots, one inside the house and one outside. Neighbors summoned the police. Officers Pete Nolan and Joe Austin were the first to respond. Officer Nolan approached Lee's house but was unable to see anything. He called on his radio for additional officers. As Officer Nolan walked away from Lee's house, two gunshots fire by Lee struck the ground near Nolan's feet. Nolan began to run. Lee fired two more shots, striking Nolan from behind in the thigh and back.

Additional officers arrived at the scene and surrounded Lee's house. After approximately three hours of negotiations, Lee surrendered. During this period, Lee stated that he "had been dreaming about shooting a police officer for a long time." Upon arrest, Lee remarked, "My practicing paid off, I got one of them."

Prior to Lee's sentencing, the prosecution filed notice that Lee had been convicted of grand larceny in 1972 and requested the court to sentence Lee as a second felony offender under the presumptive sentencing provisions of the revised criminal code. Judge Buckalew found that Lee's 1972 larceny was a "prior conviction" under the meaning of AS 12.55.145 and that he was therefore subject to presumptive sentencing as a second felony offender. Judge Buckalew also found that two statutory aggravating factors applied to Lee's case: first, that Lee's assault was knowingly directed at a law enforcement officer, AS 12.55.-155(c)(13), and, second, that Lee's conduct was among the most serious included in the definition of first-degree assault, AS 12.55.-155(c)(10). Judge Buckalew found one applicable mitigating factor: that Lee's prior conviction was of a less serious class (AS 12.55.155(d)(8)). The judge rejected Lee's claim that his offense was mitigated because it was committed under some degree of duress, coercion, threat or compulsion (AS 12.55.155(d)(3)).

We first consider Lee's contention that he should not have been subjected to presumptive sentencing as a second felony offender. Lee was convicted of grand larceny under former AS 11.20.140, which made theft of property valued in excess of $100 a felony. Lee's offense involved property valued at approximately $405. On appeal, Lee maintains that his 1972 theft would now be classified as third-degree theft, a class A misdemeanor,[1] and that it should therefore

1. AS 11.46.140 provides, in relevant part:

    Theft in the Third Degree. (a) A person commits the crime of theft in the third degree

    if he commits theft as defined in AS 11.46.-100 of this chapter and
       (1) the value of the property or services is $50 or more but less than $500; or

not have been treated as a prior felony conviction.

The provisions of AS 12.55.145 define "prior conviction" for purposes of applying presumptive sentencing. Under AS 12.55.-145(a)(2), the offense upon which the prior conviction was based must have "elements substantially identical to those of a felony defined as such under Alaska law." In *Wasson v. State,* 652 P.2d 117 (Alaska App. 1982), we considered a claim similar to Lee's. We concluded that a conviction for grand larceny under former AS 11.20.140 was not covered by AS 12.55.145 and could not be considered a prior conviction for purposes of triggering presumptive sentencing:

> Since the value of stolen property is clearly an element of a larceny offense, *see Post v. State,* 635 P.2d 1194 (Alaska App.1981), it necessarily follows that a former statute providing a lesser value for purposes of qualifying as a felony grand larceny does not "have [elements] substantially identical to those of a felony defined as such under [current] Alaska law." Consequently, the trial court erred in using a violation of former AS 11.20.-140 as a prior felony to enhance Wasson's sentence.

*Wasson,* 652 P.2d at 119.

In deciding *Wasson,* however, we expressly left open the possibility that prior grand larceny convictions involving property valued at less than $500 might be treated as prior felony convictions if a showing was made that the value of property stolen, when adjusted for inflation, would exceed the current $500 minimum used by the revised criminal code to distinguish between felony and misdemeanor thefts. *Id.* at 119 n. 2. The state now argues that the $405

value of property stolen by Lee in 1972 would exceed the current statutory minimum of $500 if adjusted for inflation. Thus, the state urges us to hold that Lee's grand larceny conviction could be used for presumptive sentencing purposes. We conclude that it is inappropriate to broaden the statutory definition of a prior conviction by considering inflation.

The definition of "prior conviction" in AS 12.55.145(a)(2) includes only prior offenses with *"elements* substantially identical to those of a felony under Alaska law." (Emphasis added). Thus, the definition does not focus on the actual conduct of the defendant in the prior case. Rather, AS 12.-55.145 requires similarity between the elements of the former offense and the current law. There is simply no indication that the definition contemplates a case-by-case evaluation of whether a defendant's prior conduct might constitute a felony under current law.

Moreover, a rule permitting adjustment for inflation would pose significant practical problems. Mere reference to historical rates of inflation, such as those reflected in the Consumer Price Index, would be an inaccurate way of attempting to fix the present-day value of previously stolen items, since different types of property increase and decrease in value at different rates.[2] Expert testimony would be required in most cases. In cases where a precise description of the property involved in a prior larceny conviction is not available, no accurate determination of current value could be made. The possibility that a person might be subjected to presumptive sentencing as a second felony offender could vary from year to year or even from month to month, depending on fluctuations in the

---

(2) the property is a credit card.
(b) Theft in the third degree is a class A misdemeanor.

**2.** In fact, historical increases and decreases in prices for various types of property may be wholly unrelated to general inflationary or deflationary trends. For example, over the past decade innovations and refinements in the field of electronics have led to a decrease in the price of many products, despite a high average

rate of inflation. Such developments may be highly significant not only because they run counter to general inflationary trends, but also because they create obsolescence. For example, a stereo system stolen in 1972 might have been valued at $400. Yet the current retail value of an identical system, in new condition, might be tremendously reduced because present-day sophistication of stereo equipment has rendered it obsolete.

marketplace.[3] It might be argued that persons previously convicted of petty larceny should be treated as second felony offenders where the value of property involved in the original offense increased at a particularly rapid rate. Indeed, a defendant previously convicted of felony theft under the revised criminal code might plausibly argue that he should not be treated as a second felony offender because the value of property he previously stole has declined and is currently below the statutory minimum of $500. It is difficult to see how a fair, uniform and realistically workable system for determining present value of previously stolen property could be implemented in light of such considerations. Consequently, it seems unlikely that the legislature, in enacting AS 12.55.145, intended inflation to be taken into account.

A final consideration weighing against a broad interpretation of "prior conviction" is the long-established principle that criminal statutes must be strictly construed. 3 C. Sands, Sutherland Statutory Construction § 59.04 (3d ed. 1974). *See also Wasson v. State,* 652 P.2d at 120 (Coats, J., concurring). On balance, we conclude that a broad interpretation of AS 12.55.145 is inappropriate and that our holding in *Wasson* must govern in the present case.[4] Because Lee was not previously convicted of an offense with elements substantially identical to a felony under the revised criminal code,

he should not have been treated as a second felony offender for the purpose of applying the presumptive sentencing statutes. It will therefore be necessary to remand this case to the superior court for imposition of a non-presumptive sentence.

■ Our holding that Lee was improperly subjected to presumptive sentencing does not mean that his prior conviction is irrelevant for sentencing purposes. Nor does our holding imply a disapproval of the length of the sentence imposed by Judge Buckalew in this case. We have consistently emphasized that prior felony convictions may properly be considered for the purpose of fashioning a sentence even though they do not meet the statutory requirements for triggering presumptive sentencing. *Maal v. State,* 670 P.2d 708, 711 (Alaska App., 1983); *Seymore v. State,* 655 P.2d 786, 787–88 (Alaska App. 1982); *Koganaluk v. State,* 655 P.2d 339, 340 (Alaska App.1982). Here, we believe that Judge Buckalew, in imposing a non-presumptive sentence on remand, should be permitted broad discretion in determining the amount of weight to be given to Lee's prior felony conviction, even though that conviction cannot be used for presumptive sentencing purposes.

■ Lee's remaining points on appeal involve the propriety of Judge Buckalew's findings with respect to aggravating and mitigating factors.[5] Lee does not contest

---

**3.** Because historical trends in prices of specific types of property may be independent of general inflationary or deflationary trends, situations might also occur in which it would be obviously unfair to determine the significance of a prior theft by reference to the current value of previously stolen property. For example, a theft in 1972 of property valued at $100 might have involved a readily available item, such as a painting by an unknown artist. If the artist subsequently became well-known, his work might become scarce and highly valued. In such cases, where sharp increases in value resulted from circumstances that could not have reasonably been foreseen when the property was originally stolen, it would be unfair to rely on present value to determine if the prior grand larceny should be treated as a felony for purposes of presumptive sentencing.

**4.** In 1982, the Alaska legislature amended AS 12.55.145 to resolve future problems of the type involved in this case and in *Wasson.*

Thus, AS 12.55.145(a) now states:

a conviction in this or another jurisdiction of an offense having elements similar to those of a felony defined as such under Alaska law *at the time the offense was committed* is considered a prior felony conviction; ....
[Emphasis added.]

The state argues that this provision should be considered in the present case. However, the amended version of AS 12.55.145 was not effective either at the time Lee's offense was committed or at the time of his sentencing.

**5.** Despite our remand of this case for imposition of a non-presumptive sentence, we think it necessary to address Lee's claim with respect to aggravating and mitigating factors. Al-

Judge Buckalew's finding that his assault was aggravated because it was knowingly directed against a police officer. He does, however, challenge the finding that his conduct was among the most serious within the definition of first-degree assault. Judge Buckalew found Lee's assault to be deliberate, premeditated, and unprovoked. In committing the assault, Lee loaded his gun with bullets that were specifically designed to maximize injury upon impact. Officer Nolan could easily have been killed by Lee's shots, and in fact he was hit twice and suffered serious physical injuries. In concluding that this offense was among the most serious in its class, Judge Buckalew stated:

> And as I analyze these facts Mr. Lee was just cool, calculated, deliberate and if you will on this particular occasion, he was handling that rifle like an expert. And to handle that rifle like an expert he had to know what he was about. And that's the way I look at the facts and the fact that the officer was shot under those circumstances, running away, shot twice, I don't think there's much argument about it, that that's the most serious kind of conduct.

We conclude that Judge Buckalew's analysis of the facts is supported by ample evidence and that he did not err in finding that Lee's conduct was among the most serious within the definition of the offense.

Lee also maintains that Judge Buckalew erred in rejecting his claim that the offense was mitigated because he acted under a significant degree of compulsion. AS 12.-55.155(d)(3) provides for a mitigating factor when an offense is committed "under some degree of duress, coercion, threat or compulsion insufficient to constitute a complete defense, but which significantly affected his [the defendant's] conduct." Prior to sentencing, Lee argued that AS 12.55.155(d)(3) applied because he was under emotional stress at the time of the offense and had

acted out of internal compulsion. In support of this argument, Lee relied on his troubled financial and domestic situations, his intoxication, and expert testimony indicating that he had an impulsive personality and was easily provoked. Judge Buckalew rejected Lee's claim and found that AS 12.55.155(d)(3) required a showing of external compulsion. Lee challenges that finding.

In *Bell v. State*, 658 P.2d 787, 791 (Alaska App.1983), we held that under certain circumstances AS 12.55.155(d)(3) might apply to an offense in which the accused acted under a form of compulsion that was entirely internal. To this extent, Judge Buckalew's construction of AS 12.55.-155(d)(3) was incorrect. However, our decision in *Bell* discussed the applicability of this mitigating factor to an offense committed under a good faith but unreasonable belief by the defendant that his conduct was necessary. *Id.* at 791. Nothing in *Bell* indicated that the scope of AS 12.55.-155(d)(3) is sufficiently broad to encompass behavior that is merely impulsive or the result of situational stress. Lee's reliance on this mitigating factor was based exclusively on a showing of impulsive character and financial and emotional stress. Lee did not present any evidence indicating that he acted out of a mistaken belief that his conduct was necessary. We therefore conclude that there is insufficient evidence in the record to support a finding that Lee's conduct was the result of internal compulsion within the meaning of the statute.

In summary, we find that the use of Lee's prior conviction as a basis for presumptive sentencing in this case was inappropriate and that Lee must be resentenced to a non-presumptive term. We nevertheless hold that Judge Buckalew, on remand, may consider Lee's prior felony conviction in fashioning a non-presumptive sentence. We further approve Judge Buckalew's find-

though these factors will not be binding on the superior court, they involve facts that will be highly relevant. Resolution of Lee's arguments will thus assist the sentencing court and may expedite the ultimate termination of this case.

In light of our remand, however, we need not discuss Lee's contention that Judge Buckalew did not adequately explain his reliance on aggravating and mitigating factors in imposing a presumptive term.

ings applying aggravating and mitigating factors, as well as his overall assessment of the exceptional severity of Lee's offense. Given the unusually aggravated nature of this offense, the fact that Lee's prior felony may still be considered by the sentencing court on remand, and the fact that, in originally imposing Lee's sentence, the court discounted the significance of his prior felony because it was of a lesser class than the current offense, we recognize that this case may well be one in which little if any change will be necessary on remand.[6] The need for a remand, however, is clear. Under these circumstances, determination of the actual sentence that Lee should receive upon remand must be left to the sentencing court.

The sentence is VACATED, and this case is REMANDED for imposition of a non-presumptive sentence.

---

**6.** We note that the unsuspended fifteen-year period of incarceration originally ordered by Judge Buckalew is equal to the presumptive term for a person convicted of a class A felony who has two prior felony convictions. We have previously approved sentences in this range in exceptionally severe cases involving first felony offenders. *See Maal v. State,* 670 P.2d 708, 712 (1983).