James **WALSH**, Appellant,

v.

**STATE of Alaska,** Appellee.

No. 7887.

Court of Appeals of Alaska.

Feb. 10, 1984.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Jeffrey W. Cole, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, An-

chorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

James Walsh pled no contest to manslaughter, AS 11.41.120(a)(1), a class A felony. The trial court found Walsh to be a third felony offender and sentenced him to the fifteen-year presumptive term. AS 12.-55.125(c)(3). Walsh appeals, arguing three points: (1) that the court erred in finding a prior larceny offense resulting in a 1947 conviction substantially similar to an offense under existing Alaska law, former AS 12.55.145(a)(2); (2) that the court erred in failing to find as a mitigating factor that his conduct was among the least serious included in the definition of the offense, AS 12.55.155(d)(9); and (3) that the trial court erred in failing to find that the imposition of the presumptive sentence would constitute manifest injustice, requiring referral of the case to a three-judge panel. AS 12.55.165; AS 12.55.175.

We hold that Walsh's 1947 larceny conviction can not be considered a prior felony for purposes of presumptive sentencing. We therefore remand for further proceedings. We affirm both the sentencing court's rejection of the mitigating factor and its refusal to refer the case to a three-judge panel.

On September 28, 1982, James Walsh attempted to pass another vehicle on the Glenn highway. He pulled into the oncoming traffic lane directly into the path of another car. The vehicles collided head-on and the driver of the other car was killed. Walsh was taken to the hospital and a blood test was performed. It revealed a blood-alcohol concentration of .20 percent.

Two hours before the accident Walsh had been told by a police officer, who believed Walsh to be intoxicated, not to drive.

## USE OF WALSH'S 1947 CONVICTION AS A PRIOR FELONY FOR PRESUMPTIVE SENTENCING

For his conviction for manslaughter Walsh received the fifteen-year presumptive sentence for third felony offenders. Former AS 12.55.125(c)(3). One of the prior felonies relied on by the trial court to sentence Walsh as a third offender was a 1977 assault conviction in New York which Walsh did not dispute. The second felony conviction found by the trial court was a 1947 grand larceny conviction which also occurred in New York. It is this conviction which the defendant claims was improperly used to enhance his sentence.

A prior conviction may be considered for purposes of enhancing a presumptive sentence if it is "an offense having elements substantially identical to those of a felony defined as such under Alaska law." Former AS 12.55.145(a)(2).[1] Walsh concedes that the elements of the New York grand larceny statute and the Alaska statute for theft in the second degree, AS 11.46.130(a)(1), are substantially identical, with the exception of the element of value. The former New York statute covered property valued at more than $50 but not exceeding $500. Former N.Y.Penal Law § 1296 (1909). The Alaska statute applies to theft of property having a value of $500 to $25,000. AS 11.46.130(a)(1). The 1947 indictment against Walsh submitted by the state to prove the 1947 conviction alleges the value of the property Walsh stole as exactly $500.

It is the contention of the appellant that because the statutes only overlap on the element of value at precisely $500, the two statutes are not substantially identical. It

1. Alaska Statute 12.55.145(a)(2) has been amended, effective October 1, 1982: "a conviction in this or another jurisdiction of an offense having elements similar to those of a felony defined as such under Alaska law at the time the offense was committed is considered a prior felony conviction." The trial court noted, but did not consider the question of retroactivity. This court has determined that the amendments are a change rather than a clarification of existing law. *Wasson v. State,* 652 P.2d 117, 118 n. 1 (Alaska App.1982).

is the state's position that because Walsh stole property valued at exactly $500, the statutory requirement of substantial identity is met, regardless of a different outcome if the offense had involved property worth less than $500.

Both parties rely on this court's holding in *Wasson v. State*, 652 P.2d 117 (Alaska App.1982), to support their positions. In *Wasson*, the defendant challenged the use of a prior grand larceny conviction as a felony for enhancing his sentence. He claimed that for purposes of determining whether the prior conviction should be treated as a felony, the court should look to the law at the time of the present offense, and not as it existed at the time of the prior conviction. Wasson's prior conviction for larceny of $387 was a felony under Alaska law when that crime was committed, but the law had subsequently been amended so that the theft of less than $500 was a misdemeanor. The court held that current Alaska law controlled for purposes of determining substantial identity.

> Since the value of stolen property is clearly an element of a larceny offense, it necessarily follows that a former statute providing a lesser value for purposes of qualifying as felony grand larceny does not "have [elements] substantially identical to those of a felony defined as such under [current] Alaska law."

*Id.* at 119 (citation omitted).

The appellant, relying on the holding in *Wasson*, argues that if a statute which provides a value less than the current statute is not substantially identical, then a statute which overlaps the current statute by only one penny is not substantially identical either. The trial court rejected this argument, finding that the elements of the offense for which Walsh was convicted were identical to an Alaska felony because the value of the property taken was $500. Judge Cutler reasoned that if the amount previously stolen by the defendant was in fact less than could result in a felony conviction under current Alaska law, then he would not have committed a substantially identical offense. Where, however, his pri-

or theft would have resulted in a felony prosecution under current law, then a conviction would qualify as a prior felony.

We disagree. We are persuaded by the New York Court of Appeals decision in *People v. Olah*, 300 N.Y. 96, 89 N.E.2d 329 (1949), where the court held that the defendant was improperly sentenced as a second felony offender. Olah was previously convicted under a New Jersey statute which made it a felony to steal property valued at or above twenty dollars. In New York the theft of more than $100 was required for a felony conviction. Although Olah had pled guilty to an indictment charging him with stealing property valued at $200, the New York Court reasoned that "[t]here is a difference between the 'crime' of which he was convicted and the 'act' which he may have committed. In other words, the crime, *i.e.*, the operative facts which constitute the criminal offense as defined by the statute, cannot be extended or enlarged by allegations in the indictment ...." *People v. Olah*, 89 N.E.2d at 330.

■ We therefore hold that it is the elements of the "offense" as established in the statute under which Walsh was convicted which must be compared with the current Alaska statute in determining whether the two offenses have substantially identical elements under former AS 12.55.-145(a)(2). Consequently, it is immaterial that the indictment in the New York prosecution specified a $500 value for the property which Walsh allegedly stole, even though that indictment could have resulted in a felony conviction under the current Alaska statute. The state of New York was only obligated to prove that the value of the property stolen exceeded $50 in order to convict Walsh under then existing New York law. Walsh's plea of guilty signified nothing more than his expectation that the state could meet that burden. "[I]t impresses us as unfair now to construe his plea as an admission that he was guilty of a 'crime' more broad than that defined in the statute under which he was convicted." *People v. Olah*, 89 N.E.2d at 331. We believe *Olah* important not only because we accept its reasoning, but also

because it illustrates the limited significance which New York courts ascribed to specifications of value in indictments in 1949, two years after Walsh pled to the New York indictment at issue here.

Our decision finds support in the following commentary of the senate committee which drafted the language in AS 12.55.-145:

> Subsection (a)(2) provides that convictions occurring in Alaska prior to the effective date of the Code, or in another jurisdiction, will be considered a prior felony conviction if the crime is defined by elements substantially identical to a felony *under the Code.*

Commentary on the Alaska Revised Criminal Code, Senate J.Supp. No. 47, at 157, 1978 Senate J., vol. 2 (emphasis added).

We reached a similar conclusion in *Lee v. State*, 673 P.2d 892, 894 (Alaska App., 1983), where we rejected an argument that the state should be permitted to adjust for inflation the value of property involved in prior convictions to meet the current statutory minimum for a felony. In *Lee* we said:

> The definition of "prior conviction" in AS 12.145(a)(2) includes only prior offenses with *"elements* substantially identical to those of a felony under Alaska law." (Emphasis added). Thus, the definition does not focus on the actual conduct of the defendant in the prior case. Rather, AS 12.55.145 requires similarity between the elements of the former offense and the current law. There is simply no indication that the definition [of "prior conviction" in AS 12.55.145] contemplates a case-by-case evaluation of whether a defendant's prior conduct might constitute a felony under current law.

*Id.*

Walsh's sentence must therefore be reversed and this case remanded for resen-

tencing. Our conclusion makes it unnecessary to address Walsh's argument that since Walsh's 1947 grand larceny conviction was a less serious offense, his sentence for manslaughter should have been mitigated. *See* former AS 12.55.155(d)(8). We also need not consider Walsh's argument that the state failed to sustain its burden of proving the value of the property Walsh stole in 1947.[2]

## WALSH'S CLAIM THAT HIS CONDUCT WAS AMONG THE LEAST SERIOUS INCLUDED IN THE DEFINITION OF THE OFFENSE OF MANSLAUGHTER

■ Walsh argues that his sentence should be mitigated because "the conduct constituting [his] offense was among the least serious conduct included in the definition of the offense." AS 12.55.155(d)(9). A person commits manslaughter if he "intentionally, knowingly or recklessly causes the death of another person ...." AS 11.41.-120(a)(1). Walsh contends that because his conduct was only reckless it was necessarily among the least serious conduct that amounts to manslaughter, and that the trial court erred in not finding this mitigating factor. The trial court disagreed. The standard for reviewing the trial court's determination that this mitigating factor did not apply is whether it was clearly erroneous. *Juneby v. State*, 641 P.2d 823, 834 (Alaska App.1982), *modified on other grounds*, 665 P.2d 30 (Alaska App.1983).

Walsh argues that reckless conduct is inherently less serious than intentional or knowing conduct. Under this reasoning all defendants convicted of manslaughter based on reckless conduct should have their sentences mitigated under AS 12.55.-155(d)(9). A similar argument was made in

---

**2.** As we noted in *Lee v. State*, 673 P.2d 892, 896–897 (Alaska App., 1983), the trial court is not necessarily precluded from imposing the same sentence on remand. Such a sentence would require findings that applicable aggravating factors warrant a sentence in excess of the presumptive term for a second felony offender. A determination that aggravating factors would not warrant a sentence in excess of the presumptive term for a third offender would not be dispositive of this question. We express no opinion regarding an appropriate sentence on remand.

*Juneby v. State,* 641 P.2d 823. In *Juneby,* the trial court found an aggravating factor by concluding that Juneby's conduct was the most serious included within the definition of the offense. *See* AS 12.55.-155(c)(10). The trial court's decision was based on the fact that Juneby's conduct came within the first of four categories of first-degree sexual assault. *Id.* at 841.

In finding the trial court's interpretation of the statute to be mistaken, this court said:

> Nothing contained in the statutory language ... or the legislative history of that provision suggests that the type of conduct listed in any one of the statute's four subparagraphs was meant to be inherently more serious than any of the others. To the contrary, the grouping of these four separate sets of conduct together under the same criminal heading, with identical classifications as class A felonies, is a forceful indication of the legislature's conclusion that all four subparagraphs were meant to be viewed as involving equally serious conduct.

*Id.* at 841.

The reasoning of *Juneby* clearly applies to a determination of least serious conduct under the manslaughter statute. There is no indication in the statutory language or legislative history that conduct involving an intentional or knowing mental state is to be treated at sentencing as inherently more serious than reckless conduct. *See* Commentary on the Alaska Revised Criminal Code, Senate J.Supp. No. 47, at 13–14, 1978 Senate J., vol. 2. The seriousness of manslaughter caused by the reckless conduct of intoxicated drivers, even though there is no specific intent to kill or injure, has often been recognized. *See, e.g., Layland v. State,* 549 P.2d 1182, 1184 (Alaska 1976).

■ In order for an intentional or knowing killing to qualify as manslaughter rather than murder it must be substantially mitigated by heat of passion caused by serious provocation from the victim. *See* AS 11.41.115(a); *Martin v. State,* 664 P.2d 612, 615–18 (Alaska App.1983). Thus it is quite possible that intentional or knowing homicides mitigated to manslaughter convictions might be found less blameworthy than reckless but unmitigated manslaughters.

■ After concluding that this mitigating factor was not present merely because the conduct was reckless, Judge Cutler considered the specific facts of the case. She noted that the accident occurred on a busy highway and that the defendant was travelling at a substantial speed. Judge Cutler particularly stressed the fact that the defendant had been told just two hours before the accident that he should not drive because he was intoxicated. This finding, that Walsh's conduct was not the least serious within the definition of the offense, is not clearly erroneous.

In *Neitzel v. State,* 655 P.2d 325, 335–38 (Alaska App.1982), we differentiated between reckless murder, AS 11.41.110(a)(2), and reckless manslaughter, AS 11.41.-120(a)(1). We concluded:

> In conclusion, jurors asked to evaluate conduct resulting in death to determine whether it was negligent, reckless or malicious must weigh four factors:
>
> (1) The social utility of the actor's conduct,
>
> (2) the magnitude of the risk his conduct creates including both the nature of foreseeable harm and the likelihood that the conduct will result in that harm;
>
> (3) the actor's knowledge of the risk; and
>
> (4) any precautions the actor takes to minimize the risk.

*See* G. Fletcher, *Rethinking Criminal Law* § 4.3, at 259–62 (1978) (Homicide by Excessive Risk Taking); W. LaFave and A. Scott, *Handbook on Criminal Law* § 70, at 541–45 (1972) (Depraved-Heart Murder). Under the Revised Code, negligent homicide and reckless manslaughter are satisfied by conduct creating a significant risk of death absent justification or excuse. They differ only in the actor's knowledge of the risk. In differentiating reckless murder from reckless manslaughter, the jury is asked to determine whether the recklessness manifests an

extreme indifference to human life. In so doing, it might pay particular attention to the social utility of the defendant's conduct and the precautions he takes to minimize the apparent risks....

In addition, the jury may evaluate any precautions taken. Thus, a person may be reckless in the sense that he knowingly engages in conduct which creates a forseeable risk of death and amounts to a gross deviation from the standard of conduct that a *reasonable person would observe* in the sense that the social utility of his conduct does not warrant exposing another to the risk of death. He may, however, still not manifest an extreme indifference to the life of the person endangered if he takes substantial precautions to minimize the risk.

Finally, and most importantly, the jury must consider the nature and gravity of the risk, including the harm to be foreseen and the likelihood that it will occur. For both murder and manslaughter, the harm to be foreseen is a death. Therefore, the significant distinction is in the likelihood that a death will result from the defendant's act. Where the defendant's act has limited social utility, a very slight though significant and avoidable risk of death may make him guilty of manslaughter if his act causes death. Driving an automobile has some social utility although substantially reduced when the driver is intoxicated. The odds that a legally intoxicated person driving home after the bars close will hit and kill or seriously injure someone may be as low as one chance in a thousand and still qualify for manslaughter. Where murder is charged, however, an act must create a much greater risk that death or serious physical injury will result. This is the point, in the Model Penal Code commentary "that recklessness ... can *fairly be assimilated to purpose or knowledge* ...."

655 P.2d at 336–37.

We believe that a similar analysis is appropriate in determining whether a given drunk driving manslaughter is among the least serious, or the most serious contemplated in the definition of the offense, or whether it is somewhere in the middle—a typical offense for which the presumptive sentence is appropriate. *See* AS 12.55.-155(d)(9); AS 12.55.155(b)(10); *See Pears v. State,* 672 P.2d 903 (Alaska App., 1983).

In *Pears* we held that the state established a *prima facie* case of second degree murder. A major factor was a showing that Pears had been warned not to drive his automobile because he was too intoxicated. He ignored the warning and was involved in an accident in which another person was killed. Walsh's conduct approximates that of Pears in this regard. The trial court did not err in refusing to mitigate Walsh's sentence.

## REFERRAL TO A THREE–JUDGE SENTENCING PANEL

■ Walsh claims that Judge Cutler should have found that manifest injustice would result from imposing the presumptive term for a third felony offender, former AS 12.55.165, and referred his case to a three-judge sentencing panel. The standard of review for this issue is whether the trial court was clearly mistaken. *See Heathcock v. State,* 670 P.2d 1155, 1158 (Alaska App.1983) (Singleton, J., concurring and dissenting) (citing *McClain v. State,* 519 P.2d 811 (1974). Former AS 12.55.165 provides in pertinent part:

[If] the court finds by clear and convincing evidence that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, the court shall enter findings and conclusions and cause a record of the proceedings to be transmitted to a three-judge panel for sentencing under AS 12.55.175.

When announcing Walsh's sentence, the trial judge stated that she found a fifteen-year sentence to be "just and reasonable in the circumstances."

Walsh contends that the circumstances are extraordinary in his case because: (1) his past criminal record is not relevant to fashioning a sentence in a serious traffic accident case, (2) the sentence is excessive

when compared to other vehicular manslaughter cases, and (3) one of the prior felonies used to enhance his sentence was over thirty-five years old.

The first factor which appellant claims makes imposition of the presumptive term manifestly unjust is that his prior convictions of assault and larceny are irrelevant in fashioning an appropriate sentence for manslaughter. He asserts that in cases of vehicular homicide the defendant's driving record is a more appropriate consideration than prior felonies. Thus, he argues, "extraordinary circumstances requiring a shift outside presumptive sentencing exist in virtually any vehicular manslaughter case...."

 This result would undermine the legislative scheme for presumptive sentencing. The purposes of presumptive sentencing are to achieve uniformity and to eliminate unjustified disparity in sentencing. *Juneby v. State*, 641 P.2d at 833. In order to achieve these goals, sentencing courts cannot be permitted "to deviate routinely and substantially from the presumptive terms." *Id.* It follows that sentencing courts should not routinely send cases to a three-judge panel. According to the defendant's reasoning, prior convictions would have to be somehow similar or related to the offense at hand or manifest injustice would result from imposing a presumptive sentence. However, the legislature, in formulating the presumptive sentencing statutes, has determined that the nature of the offense has very little significance. Except to the limited extent provided in AS 12.55.155(c)(7) (prior conviction for more serious class of offense warrants aggravation of the presumptive term),[3] nothing in the statutory language or legislative history indicates that the trial court should consider the nature of prior convictions. Even then, the statute does not differentiate between different offenses within a class. To consider the nature of the prior offenses in determining manifest injustice would introduce an element of uncertainty into the statutory scheme. Therefore, the fact that

Walsh's prior convictions were unrelated to his current offense of manslaughter does not constitute extraordinary circumstances requiring this case to be referred to a three-judge panel. In any event, we believe that all of Walsh's crimes are related to the extent that they demonstrate a consistent disregard for the rights of others.

Walsh next complains that his sentence is excessive when compared to others for vehicular manslaughter. This argument must be rejected. Walsh was given the presumptive sentence for a third felony offender convicted of a class A offense. On remand, he will receive a sentence appropriate for a second felony offender. This sentence is required by statute in the absence of aggravating or mitigating factors or extraordinary circumstances. Walsh compares his sentence to sentences received by first time offenders convicted of manslaughter and other defendants sentenced before the presumptive sentencing statute went into effect. The fact that Walsh's presumptive sentence may be longer than those received by other defendants in different categories does not constitute extraordinary circumstances.

Finally, Walsh claims that because the court used his thirty-six-year-old larceny conviction as a prior felony, imposition of the presumptive term for a third-time felon was unjust. In light of our conclusion that Walsh's 1947 grand larceny conviction does not constitute a prior felony for purposes of presumptive sentencing, we need not reach this issue.

Having reviewed Walsh's arguments, we conclude Judge Cutler's decision not to send the case to the three-judge panel was not clearly mistaken.

The sentence of the superior court is VACATED and this case is REMANDED for resentencing.

---

**3.** *See also* AS 12.55.145(a)(1) (use of prior convictions over ten years old); former AS 12.55.-155(d)(8) (where prior felony causing invoca-

tion of presumptive term was for less serious class of offense, sentence could be mitigated (repealed by Ch. 143, § 42, SLA 1982).