Norman Frank **CALL**, Jr., Appellant,

v.

**STATE of Alaska, Appellee.**

No. 1844.

Supreme Court of Alaska.

June 15, 1973.

Herbert D. Soll, Public Defender, Anchorage, David C. Backstrom, Asst. Public Defender, Fairbanks, for appellant.

John E. Havelock, Atty. Gen., Juneau, Monroe N. Clayton, Dist. Atty., James M.

Hackett, Asst. Dist. Atty., Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

**PER CURIAM.**

Norman Call was indicted for the sale of heroin and pled guilty. There is no indication that he was an addict. A sentencing hearing was held on October 13, 1972. At that hearing the probation officer recommended a four year suspended sentence for Call. The officer indicated that the reformation of Call could best be accomplished by his immediate return to employment in New York, and that society's need for protection could be secured through supervised probation. The State, on the other hand, argued that AS 17.10.200(d) *required* the court to impose two years imprisonment without probation or parole.[1]

The court, while aware of the sentencing criteria set forth in State v. Chaney, 477 P.2d 441 (Alaska 1970), felt that it was bound by the legislative mandate of AS 17.10.200(d) and sentenced Call to four years incarceration. The court was of the opinion that parole could not be granted for two years but said that if the parole board did not feel bound by the statute, then the court would recommend that Call be eligible for parole at the discretion of the board.

In Speas v. State, 511 P.2d 130 Op. No. 889 (Alaska, 1973) this court held that the provisions of AS 12.55.080 and AS 12.55.085 (a) *governing suspended imposition of sentence and probation*[2] were applicable to

1. AS 17.10.200 establishes the penalties for violations of Chapter 10 of AS Title 17 (the Uniform Narcotic Drug Act). AS 17.10.200(a) provides in relevant part:

 (a) A person who violates any provision of this chapter except a provision relating to the keeping of records, upon conviction, is punishable by a fine of not more than $5,000 and by imprisonment for not less than two nor more than 10 years. . . .

AS 17.10.200(d) provides:

 (d) The imposition or execution of sentence shall not be suspended and probation or parole shall not be granted until the minimum imprisonment provided in this section for the offense is served.

2. AS 12.55.080 provides:

 Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, a court, when

violations of As Title 17, Chapters 10 and 12, and that the two year minimum sentence requirement of AS 17.10.200(d) has thus been implicitly repealed as contrary to more recent expressions of legislative intent. Accordingly, we remand to the trial court for a review of the sentence imposed.

Remanded for further proceedings consistent with Speas v. State, *supra*.

satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

AS 12.55.085(a) provides:

If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.