**Edgar DEAL, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 3896.

Supreme Court of Alaska.

Dec. 15, 1978.

E. John Athens, Jr., Johnson, Christenson & Glass, Fairbanks, for appellant.

Rhonda F. Butterfield, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

---

## OPINION

MATTHEWS, Justice.

Edgar Deal was convicted of armed robbery in violation of AS 11.15.240[1] and AS 11.15.295[2] and sentenced to a prison term of 10 years. He brings this sentence appeal, contending that the court mistakenly assumed that it had no power to suspend a portion of the 10 year sentence and that the sentence is excessive.

The state has conceded that the court was wrong in believing that it was without authority to suspend a portion of the 10 year sentence, but contends that the remarks of the court made at sentencing indicate that it would have imposed the 10 year sentence even if it had thought a more lenient one was legally permissible, and thus any error is harmless. The state further argues that the sentence is not excessive.

 We accept the state's concession that the 10 year minimum sentence prescribed by AS 11.15.295 is subject to suspension under AS 12.55.080[3] and, regardless of the power to suspend, need not be imposed where it is manifestly too severe. AS 11.05.150.[4] We cannot however credit the state's harmless error argument. There is no way to ascertain what sentence the court would have given if it had entertained a correct view of its discretionary power. We therefore remand for resentencing, as we have done on past occasions where a sentencing court has been mistaken concerning allowable sentence limits.[5] In light of this conclusion we decline to reach the question whether the sentence is excessive.

REMANDED FOR RESENTENCING.

1. AS 11.15.240 provides:
 *Robbery.* A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

2. AS 11.15.295 provides:
 *Use of firearms during the commission of certain crimes.* A person who uses or carries a firearm during the commission of a robbery, assault, murder, rape, burglary, or kidnapping is guilty of a felony and upon conviction for a first offense is punishable by imprisonment for not less than 10 years. Upon conviction for a second or subsequent offense in violation of this section, the offender shall be imprisoned for not less than 25 years.

3. AS 12.55.080 provides:
 *Suspension of sentence and probation.* Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, a court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

4. AS 11.05.150 provides:
 *Imposing less than prescribed penalty.* Except in a case of murder or rape, the court may, upon conviction, when in its opinion the facts and circumstances make the minimum penalty provided in this title manifestly too severe, impose a lesser penalty, either of a fine or imprisonment or both. When less than the minimum penalty is imposed, the court shall set out the reasons for its action on the record in the case.

5. *Gonzales v. State*, 582 P.2d 630 (Alaska 1978); *Donlun v. State*, 527 P.2d 472 (Alaska 1974); *Gonzales v. State*, 521 P.2d 512 (Alaska 1974); *Call v. State*, 511 P.2d 135 (Alaska 1973); *Speas v. State*, 511 P.2d 130 (Alaska 1973).