Joe KOGANALUK, Appellant,

v.

STATE of Alaska, Appellee.

No. 6531.

Court of Appeals of Alaska.

Nov. 26, 1982.

Paul Canarsky, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

---

## OPINION

**PER CURIAM.**

Joe Koganaluk was convicted of sexual assault in the first degree, in violation of AS 11.41.410(a)(1).[1] He was thereafter sentenced to serve a period of ten years' imprisonment. Koganaluk now appeals, alleging that the sentence he received is excessive. We affirm.

In claiming that his sentence is excessive, Koganaluk places primary emphasis on the argument that his sentence is equivalent to the ten-year presumptive term prescribed for a second felony offender committing the same class of offense. In advancing this argument, Koganaluk relies on our decision in *Austin v. State,* 627 P.2d 657–58 (Alaska App.1981), where we said: "Normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." We do not, however, believe Koganaluk's reliance on *Austin* to be persuasive. Our decision in *Austin* expressly recognized that the rule calling for more favorable treatment of first offenders is a flexible one and that longer sentences may be permissible in exceptional cases.[2] We find that the present case is an exceptional one, within the meaning of *Austin.* In our view, it is exceptional both because of Koganaluk's background and because of the specific circumstances involved in the commission of the present offense.

Prior to his commission of the crime in this case, Koganaluk had been convicted of two felonies. The first conviction was for a theft-related offense committed in 1953.

The second conviction was for the crime of rape, committed in 1961. For this latter crime, Koganaluk received a sentence of ten years' imprisonment. Although the prior felony convictions could not serve as the basis for sentencing Koganaluk as a second or third offender under the presumptive sentencing provisions of the revised criminal code,[3] the convictions could nonetheless be deemed relevant by the sentencing court in determining an appropriate sentence. This is especially so as to the 1961 rape conviction, given that it involved the same crime as was committed in the present case and that Koganaluk received a very substantial sentence for the offense. Koganaluk had, moreover, accumulated a substantial record of misdemeanors. It is particularly significant that the presentence report prepared for use by the court in imposing a sentence in this case specifically indicated that one of Koganaluk's more recent misdemeanors, a 1979 conviction for assault and battery, involved an attempt by Koganaluk to commit forcible rape.

Thus, while Koganaluk's criminal record did not subject him to presumptive sentencing, it would hardly be accurate or realistic to view him as a first offender who had previously led a law-abiding life. To the contrary, the totality of Koganaluk's record reveals a person who has had substantial and continuing problems conforming his behavior to the requirements of the law, and one who could reasonably be regarded as posing a significant danger to the community.

Even more significant in terms of justifying imposition of the severe sentence in the present case are the specific facts surrounding Koganaluk's assault. Without permis-

---

1. At the time of Koganaluk's offense, sexual assault in the first degree was a class A felony. The maximum penalty for a class A felony is imprisonment for a period of twenty years. Presumptive terms of ten and fifteen years are prescribed for second and third felony offenders, respectively. A presumptive term of six years was required at the time of this offense for a first offender who carried a firearm or caused serious physical injury in committing the offense. *See* former AS 12.55.125(c).

2. Thus, we further stated in *Austin,* 627 P.2d at 658:

> [I]t is also clear that the legislature did not intend to say that a first offender could never receive more time to serve than the presumptive sentence for a second offender, since the statute easily could have been written to accomplish that result.

3. The convictions did not qualify for purposes of applying presumptive sentencing because, at the time Koganaluk committed this offense, more than seven years had elapsed since his unconditional discharge on the earlier convictions. *See* former AS 12.55.145(a)(1).

sion, Koganaluk entered the home of E.N., a sixty-two year old Barrow woman who was partially blind and crippled. Koganaluk assaulted E.N. while she lay sleeping in her own bed; he overpowered her and violently forced her to submit to sexual intercourse. E.N. experienced severe pain during commission of the assault, and she also suffered substantial and continuing emotional trauma in the aftermath of the assault. In our view, the age and physical condition of E.N., the nature of Koganaluk's assault on her and the fact that this assault was committed in the privacy of E.N.'s own home are all considerations which substantially aggravate Koganaluk's crime.[4]

Upon review of the entire sentencing record, and taking into account Koganaluk's background and the circumstances of his assault on E.N., we cannot say that the superior court was clearly mistaken in imposing a ten-year sentence in this case. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.

---

**4.** Specifically, if Koganaluk had been subject to presumptive sentencing as a second or subsequent offender, E.N.'s vulnerability due to her age and physical condition would have constituted an aggravating factor under AS 12.55.-155(c)(5). This factor, coupled with Koganaluk's unauthorized entry into E.N.'s home to commit his offense, might well have justified finding a further aggravating factor: that Koganaluk's conduct was among the most serious within the definition of the offense. AS 12.55.-155(c)(10). Thus, had Koganaluk been subject to presumptive sentencing, we believe that the aggravated nature of this offense would have warranted a substantial increase in his presumptive term. Accordingly, it does not appear that Koganaluk's sentence as a first offender exceeds the sentence that he would likely have been given as a second offender under the presumptive sentencing statute.