**William B. SEYMORE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6995.**

Court of Appeals of Alaska.

Dec. 30, 1982.

Marlin D. Smith, Fairbanks, for appellant.

Teresa L. Foster, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

William Seymore was charged with three counts of sexual assault in the first degree, AS 11.41.410(a)(1) and (4).[1] The charges all concerned incidents in which Seymore engaged in sexual penetration with his stepdaughter, L.I. Seymore entered a nolo contendere plea to one of the counts of first degree sexual assault, charged under AS 11.41.410(a)(4). At the time that Seymore was charged with first degree sexual assault, it was a class A felony punishable by a maximum term of twenty years.[2] Judge Warren W. Taylor sentenced Seymore to serve the maximum twenty-year sentence. In addition, Judge Taylor ordered Seymore to serve half of the sentence before he was eligible for parole. Seymore appeals, arguing that this sentence was excessive.

The record reflects that Seymore is thirty-nine. He was formerly convicted of lewd and lascivious acts and attempted rape for several incidents where he had sexual contact, including penetration, with the same stepdaughter, L.I. Seymore received a suspended imposition of sentence for three years for these offenses in 1977. On December 31, 1980, Seymore successfully completed his probation. Because the prior conviction was not treated as a prior offense for purposes of presumptive sentencing, Seymore was sentenced under the provisions of the sentencing statutes which apply to a first felony offender.[3] He argues his sentence is excessive because it is far in excess of the ten-year presumptive sentence which is provided for a second felony offender who is convicted of a class A felony. Former AS 12.55.125(c)(2).

In *Austin v. State,* 627 P.2d 657–58 (Alaska App.1981), we stated that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." However, in *Austin* we recognized that a long juvenile record would be an exceptional circumstance which would

---

1. AS 11.41.410(a)(1) and (4) read as follows:
   *Sexual assault in the first degree.* (a) A person commits the crime of sexual assault in the first degree if,
   (1) being any age, he engages in sexual penetration with another person without consent of that person;
   . . . .
   (4) being 18 years of age or older, he engages in sexual penetration with another person who is under 18 years of age and who
   (A) is entrusted to his care by authority of law; or

   (B) is his son or daughter, whether adopted, illegitimate, or stepchild.

2. The legislature has since amended AS 11.41.-410(b) to make first degree sexual assault an unclassified felony with a maximum sentence of thirty years. AS 12.55.125(i).

3. The parties to this appeal have not briefed or argued whether Seymore's first offense (for which he received the suspended imposition of sentence) could be considered as a prior felony conviction for purposes of presumptive sentencing. We do not decide that issue.

justify a sentence in excess of the presumptive sentence for a second offender. We have approved sentences for first offenders which are in excess of the presumptive sentence for a second offender where the record indicates the presence of substantial aggravating factors under AS 12.55.155(c) or other aggravating factors which would constitute extraordinary circumstances in a presumptive sentencing setting. *See Koganaluk v. State*, 655 P.2d 339 (Alaska App. 1982); AS 12.55.165. We believe that the aggravating factors present in this case make it an exceptional circumstance under *Austin* and justify the sentence which the court imposed.

We place primary emphasis on the fact that Seymore was formerly convicted of similar incidents involving his step-daughter. He was treated leniently by the court. He is now back before the court for essentially the same type of offense. In addition, Judge Taylor noted, and the record reflects, that L.I.'s history of sexual abuse by Seymore has caused her serious psychological damage. We conclude the trial judge was not clearly mistaken in imposing the twenty-year sentence and in restricting Seymore's parole. The number and nature of the incidents and the fact that Seymore is now back before the court for the second time justified the court in classifying him as a worst offender.

The sentence is AFFIRMED.