Denny **BYNUM**, Appellant,

v.

**STATE of Alaska, Appellee.**

**No. A–1051.**

Court of Appeals of Alaska.

Nov. 29, 1985.

---

Gary R. Letcher, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Denny Bynum was convicted, based upon his plea of no contest, of the offense of sexual abuse of a minor in the first degree, AS 11.41.434(a)(2)(B). Sexual abuse of a minor in the first degree is an unclassified felony with a maximum sentence of thirty years and a presumptive sentence for a first felony offender of eight years. AS 12.55.125(i). Bynum was a first felony offender. At sentencing he attempted to establish the existence of the mitigating factor that he "committed the offense under some degree of duress, coercion, threat, or compulsion insufficient to constitute a complete defense, but which significantly affected [his] conduct." AS 12.55.155(d)(3). At sentencing Judge Karl Johnstone rejected Bynum's proposed mitigating factor and imposed the presumptive sentence of eight years. Bynum appeals, contending that Judge Johnstone erred in rejecting the mitigating factor. We affirm.

Bynum was convicted of having sexual relations with his stepdaughter for over five years. He had been having sexual intercourse with her on a regular basis for three years prior to his arrest. In support of the mitigating factor, Bynum presented testimony of a psychologist, and a psychological report. This evidence was introduced in support of Bynum's contention that because of a personality disorder, the emotional circumstances surrounding his marriage, and his relationship with his step-daughter, his offense was committed under some degree of compulsion. Judge Johnstone rejected the mitigating factor, reasoning that almost everyone who commits an offense similar to Bynum's would have to be suffering from a personality disorder.

 In *Bell v. State*, 658 P.2d 787, 791 (Alaska App.1983) we held that where the defendant, if believed, presented facts which would come close to establishing a necessity defense, then the mitigating factor that he acted under duress, as set forth in AS 12.55.155(d)(3), would be established. *See also Hart v. State*, 702 P.2d 651, 663–64 (Alaska App.1985) (mental illness which does not constitute a complete defense to a crime may qualify as a mitigating factor). However, in *Lee v. State*, 673 P.2d 892, 896–97 (Alaska App.1983) we pointed out that AS 12.55.155(d)(3) is not so broad so as "to encompass behavior that is merely impulsive or the result of situational stress." In order for a defendant to establish the mitigating factor that he acted under compulsion, the compulsion must be of a sufficiently extraordinary nature that it approaches being a defense to the crime. In the instant case, we believe that Judge Johnstone could properly conclude that to the extent Bynum acted under compulsion, it was the sort of compulsion which would be ordinary and expected in the commission of this kind of offense. The evidence which Bynum presented did not come close to establishing a defense to his crime. We therefore conclude that Judge Johnstone did not err in rejecting Bynum's proposed mitigating factor.

The sentence is AFFIRMED.