**Alva K. NASHOALOOK, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2016.**

Court of Appeals of Alaska.

Oct. 23, 1987.

Jeffrey K. Rubin, and Mary P. Treiber, Asst. Public Defenders, Barrow, and Dana Fabe, Public Defender, Anchorage, for appellant.

Marlin D. Smith, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Alva K. Nashoalook, Jr. was convicted, based upon his plea of no contest, of arson in the second degree, a class B felony. AS 11.46.410(a). A class B felony carries a

maximum sentence of ten years, a presumptive sentence for a second-felony offender of four years, and a presumptive sentence for a third-felony offender of six years. AS 12.55.125. Nashoalook had formerly been convicted of a felony, so he was subject to the four-year presumptive term. Judge Michael I. Jeffery found that several aggravating factors applied to Nashoalook's sentence. AS 12.55.155(c)(6), (7), (8), and (10). Based on these aggravating factors, Judge Jeffery imposed an enhanced presumptive sentence of ten years with four years suspended. Judge Jeffery further provided that Nashoalook would be eligible for parole after he had served his four-year presumptive term. Finally, Judge Jeffery revoked Nashoalook's probation on the former felony, and imposed the entire five-year suspended term consecutively to the arson sentence. Thus, Nashoalook's composite sentence totaled fifteen years with four years suspended. Nashoalook appeals, arguing that Judge Jeffery erred in finding one of the aggravating factors and in refusing to find one of the mitigating factors which Nashoalook proposed.

At approximately two a.m. on June 24, 1986, Alva Nashoalook went to the apartment of North Slope Borough Department of Public Safety Officer Jeff Deutsch. Nashoalook told Deutsch that his wife, Dorothy Nashoalook, had another man staying at her residence. Nashoalook wanted Deutsch to remove this man. Deutsch told Nashoalook that he did not consider this to be a police matter. He told Nashoalook that he should talk to his wife about these matters. Then, if he could not remedy the situation, he should get a divorce. Deutsch indicated that Nashoalook was very upset at the time that he had this conversation.

Later that morning, a fire started at the residence of Dorothy Nashoalook. Enoch Oktollik saw smoke coming from the house. He ran over to the house but was unable to get a response from the people inside. Oktollik broke in through the door and woke up Dorothy Nashoalook, her boyfriend, and a child who were in the house. Oktollik and several other people managed to control the fire. Enoch Oktollik indicated that if the fire had not been put out, that Dorothy Nashoalook's residence would have burned down.

Following the fire, Officer Deutsch interviewed Alva Nashoalook. Nashoalook admitted that after talking to Deutsch he had gone over to his wife's house, lit a roll of toilet paper, and threw it in the back arctic entryway. Nashoalook said that he saw the fire start. He then walked off. Nashoalook stated that he knew Dorothy Nashoalook was in the home, and that he believed that her boyfriend was also there. Nashoalook admitted that when he started the fire he knew it was possible for the whole house to burn down with the people in it.

▇ In sentencing Nashoalook, Judge Jeffery found several aggravating factors.[1] Nashoalook challenges only one of these aggravating factors, AS 12.55.155(c)(8). The Alaska Statutes provide for an aggravating factor when "the defendant's prior criminal history includes conduct involving aggravated or repeated instances of assaultive behavior." Judge Jeffery found the existence of this aggravating factor based on Nashoalook's 1981 conviction for sexual assault in the first degree, formerly a class A felony. AS 11.41.410(a)(1). Nashoalook argues that it was improper for

---

1. One of these aggravating factors appears to be particularly significant in justifying the sentence which Judge Jeffery imposed. Judge Jeffery found that "the conduct constituting the offense was among the most serious conduct included in the definition of the offense." AS 12.55.155(c)(10). In making this finding, Judge Jeffery pointed out that Nashoalook had been convicted of arson in the second degree, a class B felony. AS 11.46.410. A person commits arson in the second degree if the person intentionally damages a building by starting a fire. Judge

Jeffery pointed out that Nashoalook was actually guilty of arson in the first degree, a class A felony. AS 11.46.400. A person commits arson in the first degree if the person intentionally damages property by starting a fire and by that act recklessly places another person in danger of serious physical injury. It is clear that Nashoalook committed a much more serious offense than the one for which he was convicted. Judge Jeffery could properly consider this fact in imposing the sentence.

Judge Jeffery to find the existence of this aggravating factor based on a single prior felony conviction. Judge Jeffery concluded that the aggravating factor would apply even when the defendant had formerly been convicted of a single incident of aggravated assaultive behavior. Essentially, Judge Jeffery believed that the aggravating factor would apply if "the defendant's prior criminal history includes conduct involving aggravated ... assaultive behavior."

We discussed the application of this aggravating factor in *Larson v. State*, 688 P.2d 592, 597–98 (Alaska App. 1984). In *Larson*, the defendant argued that AS 12.-55.155(c)(8) could not be based on a single conviction. However, we did not have to resolve the issue because we found that Larson had two or more prior convictions for purposes of applying the aggravating factor.

In *Larson*, we pointed out that AS 12.55.-155(c)(8) originally provided for an aggravating factor when "the defendant has a criminal history consisting of prior convictions for offenses, including misdemeanors, that involve aggravated or repeated instances of assaultive behavior." We concluded that current AS 12.55.155(c)(8) "merely clarifies existing law." 688 P.2d at 597. We have looked at the legislative history surrounding the amendment of AS 12.55.155(c)(8). We have found no indication that the legislature intended the modified aggravating factor to apply when the defendant had only a single prior incident of aggravated assaultive behavior.[2]

It does not appear that the legislature intended modified AS 12.55.155(c)(8) to apply to defendants previously convicted of a single incident involving aggravated assaultive behavior. The earlier wording of the statute seems to apply only to prior convictions. It does appear, however, that the legislature wanted the aggravating factor broadened to include sufficiently verified prior criminal behavior other than convictions. However, there is no indication that the legislature intended to further broaden the aggravating factor to include a single prior incident of aggravated assaultive behavior.

We have consistently held that: "[a]mbiguities in criminal statutes must be narrowly read and construed strictly against the government." We have also held that "[i]f a statute establishing a penalty is susceptible of more than one meaning, it should be construed so as to provide the most lenient penalty." *State v. Andrews*, 707 P.2d 900, 907 (Alaska App. 1985), *aff'd* 723 P.2d 85 (Alaska 1986). *See* 3 C. Sands, *Sutherland Statutory Construction*, §§ 59.03, 59.04, 59.06 (4th ed. 1985). We conclude that it is questionable that the legislature intended for AS 12.55.155(c)(8) to apply when the defendant had one prior conviction involving aggravated assaultive behavior. We accordingly hold that Judge Jeffery erred in applying this aggravating factor to Nashoalook.

The state argues that the sentence which Judge Jeffery imposed would not have been different even under Nashoalook's interpretation of AS 12.55.155(c)(8). It is true that several aggravating factors applied to Nashoalook's sentence. However, sentencing is primarily a trial court function. Thus, we are unable to say whether Judge Jeffery would impose the same sentence on Nashoalook given our decision in this case. *See Deal v. State*,

---

2. The following is from the 1980 Senate Journal Supp. No. 44 at 24:

AS 12.55.155(c)(8). *Modification of Aggravating Factor.*

In response to a further suggestion by the Advisory Committee on Minority Judicial Sentencing Practices, this amendment more narrowly describes the aggravating factor that the defendant has a prior criminal history of assaultive behavior, including misdemeanor convictions.

The following is from the 1982 House Journal Supp. No. 64 at 22:

AS 12.55.155(c)(8). *Aggravating Factor.*

This section eliminates the requirement that a presumptive term of imprisonment can only be aggravated in cases involving prior *convictions* for misdemeanors involving repeated instances of assaultive behavior. This change is consistent with existing case law allowing verified information of a defendant's prior criminal history to be considered by a judge at sentencing, *Nukapigak v. State*, 562 P.2d 697 (Alaska 1977).

587 P.2d 740, 741 (Alaska 1978). We do not find harmless error.

■ Nashoalook next contends that Judge Jeffery erred in not finding the mitigating factor that Nashoalook "committed the offense under some degree of duress, coercion, threat, or compulsion insufficient to constitute a complete defense, but which significantly affected the defendant's conduct." AS 12.55.155(d)(3). Nashoalook contends that the record shows he was extremely upset by his wife's conduct. He points to psychological and psychiatric reports that indicate he was extremely upset and depressed by his wife's conduct. In analyzing this mitigating factor, Judge Jeffery stated that he recognized Nashoalook's conduct was influenced by his serious marital problem. However, Judge Jeffery pointed out that the psychiatric reports indicated Nashoalook had refused to fully discuss this incident with the psychiatrist. The report was indefinite regarding the extent that Nashoalook's offense resulted from deep psychological problems. Judge Jeffery concluded that Nashoalook had not established the mitigating factor by clear and convincing evidence.

In analyzing the mitigating factor set out in AS 12.55.155(d)(3), we have stated that the mitigating factor is not so broad so as "to encompass behavior that is merely impulsive or the result of situational stress." *Lee v. State*, 673 P.2d 892, 896 (Alaska App. 1983). "In order for a defendant to establish the mitigating factor that he acted under compulsion, the compulsion must be of a sufficiently extraordinary nature that it approaches being a defense to the crime." *Bynum v. State*, 708 P.2d 1293, 1294 (Alaska App. 1985). On this record, we find that Judge Jeffery could properly conclude that Nashoalook did not act under duress or compulsion of a sufficiently extraordinary nature to approach being a defense. We accordingly affirm Judge Jeffery's rejection of this mitigating factor.

The case is REMANDED.