Robert E. GOODMAN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2145.

Court of Appeals of Alaska.

June 17, 1988.

Jeffrey F. Sauer, Asst. Public Defender, Sitka, and Dana Fabe, Public Defender, Anchorage, for appellant.

Mark L. Ells, Dist. Atty., Ketchikan, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Robert E. Goodman was convicted after pleading no contest to one count of sexual assault in the second degree and four counts of sexual abuse of a minor in the second degree. The offenses are class B felonies, subject to a maximum term of ten years for each count and to presumptive terms of four and six years for second and subsequent felony offenders. *See* AS 11.-41.420(b); AS 11.41.436(b); AS 12.55.125(d). Superior Court Judge Thomas E. Schulz sentenced Goodman, a first felony offender, to a term of five years' imprisonment for each count. The four sentences for second-degree sexual abuse of a minor were imposed concurrently, but the sentence for sexual assault in the second degree was made consecutive. Goodman was thus sentenced to a cumulative term of ten years' imprisonment. Goodman appeals, claiming that the sentence is excessive. We affirm.

The five offenses for which Goodman was convicted occurred over a period of approximately two years and involve incidents of sexual contact between Goodman and his daughter, K.G. K.G. was between the ages of sixteen and eighteen years old during this period.

In imposing sentences totalling ten years of unsuspended time to serve, Judge Schulz concluded that Goodman's offenses were exceptionally aggravated and that, as class B felonies, they were among the most serious in their class. Although the offenses for which Goodman was actually convicted were confined to a two-year period, Judge Schulz expressly found that the evidence established that Goodman subjected K.G. to a continuous pattern of sexual abuse and assault for a period of at least seven years. Judge Schulz also expressly determined that, although Goodman was convicted of class B felonies, his abuse of K.G. involved repeated instances of acts that amounted to unclassified felonies—including fellatio, cunnilingus, and digital penetration. Finally, Judge Schulz noted that, in view of Goodman's tendency to minimize his conduct and the extent of harm caused to K.G., his prospects for rehabilitation were guarded, at best. On this basis, Judge Schulz concluded that it was necessary to place emphasis in sentencing on the goals of special deterrence and community condemnation.

■ Judge Schulz' findings are amply supported by the record. Although Goodman is a first felony offender and was convicted of only class B felonies, the sentencing court was correct in concluding that his conduct is exceptionally serious and warrants departure from the rule in *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981). The offenses were part of a continuous series of assults occurring over at least seven years and involving repeated instances of sexual penetration. They resulted in serious and lasting harm to the victim, K.G.

■ We find it particularly significant in this case that K.G. had previously reported Goodman's sexually abusive conduct to the authorities. The report led to the initiation of child in need of aid (CINA) proceedings in 1981. In the course of those proceedings, Goodman admitted a limited amount of sexual contact with K.G. but represented that the contact had ceased long before the CINA proceedings were initiated.

Under Goodman's influence, K.G. partially retracted her initial report of abuse, falsely indicating that she had exaggerated her claim. Consequently, the CINA proceedings eventually resulted in K.G.'s being allowed to remain in the family home. As part of this disposition, Goodman agreed to engage in counseling. He apparently made no effort to follow up on this commitment and continued to sexually abuse K.G. over the period of the next five years.

These circumstances render Goodman's case readily distinguishable from *Skrepich v. State*, 740 P.2d 950 (Alaska App.1987), upon which Goodman relies. Skrepich was a first felony offender convicted of one count of sexual abuse of a minor in the second degree. We found Skrepich's case to be particularly serious because Skrepich had previously engaged in sexually assaultive conduct toward other victims and be-

cause he showed little prospect for rehabilitation. We nevertheless concluded that Skrepich should not receive a sentence of unsuspended incarceration exceeding the six-year presumptive term for a third felony offender convicted of a class B felony. Crucial to our conclusion was the fact that the offenses for which Skrepich was convicted did not involve conduct bordering on a more serious class of felony.

In contrast, Goodman was convicted as a result of acts qualifying as unclassified felonies. Considering the duration and frequency of abuse, and his persistence in abusing K.G. even after the 1981 CINA proceedings, we are satisfied that Goodman's conduct is aggravated even in comparison to the conduct that is typical of offenders convicted of first-degree sexual assault or first-degree sexual abuse of a minor.[1]

Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.

---

1. We have consistently recognized the particular seriousness of offenses committed by offenders who have continued to sexually abuse children even after a criminal charge or some other formal accusation of abuse has been brought against them. *See, e.g., Seymore v. State,* 655 P.2d 786, 788 (Alaska App.1982); *Qualle v. State,* 652 P.2d 481, 486 (Alaska App.1982). Be- cause of the prior CINA proceedings, we believe that Goodman's case is at least comparable, though perhaps not quite as serious, to the offense in *Howell v. State,* Op. No. 818 (Alaska App., June 17, 1988), where we indicated that a sentence of up to twenty years of unsuspended incarceration would not be clearly mistaken.