Anthony G. PITTENGER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2438.

Court of Appeals of Alaska.

July 15, 1988.

Marcia E. Holland, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert C. Anderson, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Anthony G. Pittenger pled no contest and was convicted of one count of theft in the second degree, a class C felony, AS 11.46.-130(a)(2). A companion charge alleging misconduct involving a controlled substance in the fourth degree, AS 11.71.-040(a)(3)(A), was dismissed. The theft charge was based upon evidence that Pittenger had purchased a stolen weapon from a juvenile. The misconduct involving controlled substances charge was based upon evidence that cocaine was found in Pittenger's residence when it was searched pursuant to a search warrant. Pittenger received a sentence of two years with one year suspended. He appeals, contending that the sentence is excessive. We affirm.

Pittenger was thirty-five years old at the time of sentencing. He had a prior felony conviction in 1976 for two counts of sale of narcotic drugs. Imposition of his sentence was suspended for three years on the condition that he serve sixty days and be placed on probation for a period of three years. He completed his probation without incident and his conviction was set aside pursuant to statute. In addition, he had convictions for driving while intoxicated in 1979, 1983, and 1987, and convictions for misdemeanor counts of criminal mischief and carrying a concealed weapon in 1987.

Although Pittenger's prior felony conviction does not subject him to presumptive sentencing, it may be considered by the court in determining an appropriate disposition. *Larson v. State*, 688 P.2d 592, 597–98 (Alaska App.1984); *Maal v. State*, 670 P.2d 708, 711 (Alaska App.1983); *Koganaluk v. State*, 655 P.2d 339, 340 (Alaska App.1982); *Seymore v. State*, 655 P.2d 786, 788 (Alaska App.1982). The maximum penalty for a class C felony is five years' imprisonment. Presumptive terms are two years for a second felony offender, and three years for a third felony offender. AS 12.55.125(e). When evaluating a sentence, we consider suspended time to be less significant than actual periods of incarceration. *Tazruk v. State*, 655 P.2d 788 (Alaska App.1982). Pittenger received a one-year sentence, which is substantially more favorable than the presumptive term for a second felony offender. *See Austin v. State*, 627 P.2d 657 (Alaska App.1981).

Pittenger primarily relies on *Leuch v. State*, 633 P.2d 1006 (Alaska 1981), which he cites for the proposition that first offenders convicted of property offenses should receive probation plus restitution. The *Leuch* dictum does not apply

to individuals who have a substantial misdemeanor record and were on probation for misdemeanor offenses at the time of their felony conviction. *Leuch,* 633 P.2d at 1014. In such cases, a sentence of up to two years' incarceration may be appropriate. *Id.* at 1014 n. 22. Nor should the *Leuch* dictum apply to those having prior felony convictions who have served felony probation. *Koganaluk,* 655 P.2d at 340; *Seymore,* 655 P.2d at 788. Given Pittenger's record, the sentence of two years with one year suspended is not clearly mistaken. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974); *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970).

Pittenger argues that even if his sentence was not clearly mistaken, the trial court erred in considering nonrelevant information in imposing the sentence. Specifically, he claims that the trial court improperly considered evidence that he exchanged cocaine for the stolen firearm. He relies on *Abdulbaqui v. State,* 728 P.2d 1211 (Alaska App.1986) (case remanded for resentencing where trial court had improperly relied on an aggravating factor not proven in evaluation of the defendant's potential for rehabilitation).

In the present case, W.C. broke into a residence and stole some firearms. It is undisputed that he sold at least one of these firearms to Pittenger under circumstances in which Pittenger recklessly disregarded the fact that it was stolen. W.C. testified before the grand jury that he had traded the gun for cocaine. Pittenger told the probation officer that he paid cash for the firearm. Pittenger offered, through counsel, to testify under oath at sentencing that he had paid cash, and had not traded

cocaine, for the handgun. The state did not pursue the issue further, nor did it call W.C. as a witness at sentencing. *See, e.g., Agwiak v. State,* 750 P.2d 846 (Alaska App. 1988). We assume, without deciding, that Pittenger's offer to testify under oath, without actually testifying, was sufficient to shift the burden of proof to the state to call W.C. as a witness or abandon the issue. The state apparently abandoned the issue.

We believe that Pittenger has misunderstood Superior Court Judge Richard D. Savell's remarks. Judge Savell noted the discrepancy in the statements between Pittenger's version and W.C.'s version regarding Pittenger's acquisition of the handgun. He did not specifically resolve the dispute against Pittenger. Rather, the court noted that Pittenger had a history of alcohol-related offenses, had previously been convicted of a felony drug offense, and appeared to still have a cocaine problem. The record reflects that cocaine was found when Pittenger's residence was searched and Pittenger mentioned to the probation officer that he used cocaine recreationally. Under these circumstances, the trial court could consider Pittenger's drug and alcohol use insofar as it might have a bearing on his potential for rehabilitation.

The sentence of the superior court is AFFIRMED.