Richard **JOHNSON**, Appellant,

v.

**STATE of Alaska, Appellee.**

No. A-2283.

Court of Appeals of Alaska.

Oct. 14, 1988.

Marcia E. Holland, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Richard Johnson was convicted by a jury of one count of sexual abuse of a minor in the first degree, an unclassified felony, AS 11.41.434(a)(1), and two counts of sexual abuse of a minor in the second degree, class B felonies, AS 11.41.436(a)(2). Superior Court Judge Jane R. Kauvar imposed the presumptive eight-year term for sexual abuse of a minor in the first degree and no sentence was imposed for the other counts. On appeal, Johnson argues that (1) the trial court erred in entering separate convictions for Counts I, II, and III in violation of the guarantee against double jeopardy, (2) the trial court erred in imposing sentence without allowing Johnson his right of allocution, (3) the trial court erred in failing to find that Johnson had proved by clear and convincing evidence two statutory mitigating factors and, (4) the trial court erred in failing to refer the case to a three-judge

panel based either on a nonstatutory mitigating factor or upon a finding that the presumptive term in this case would be manifestly unjust.

We hold that separate convictions for Counts I, II, and III were improper, and that Johnson should only be sentenced for Count I. We reject Johnson's argument that mitigating factors should have been found and that the case should have been referred to the three-judge panel. We also find that the presumptive term imposed for Count I was neither manifestly unjust nor clearly mistaken in this case. Finally, we conclude that while it was error to deny Johnson his right to allocution, the error was harmless beyond a reasonable doubt.

## DISCUSSION

■ Johnson was charged in a three-count indictment with the sexual abuse of T.J., a ten-year-old female. All three counts related to activity occurring on February 26, 1987. The first count charged that Johnson knowingly and unlawfully engaged in sexual penetration with T.J. The second count charged that he unlawfully and knowingly engaged in sexual contact with T.J. by causing T.J. to touch his penis, while the third count charged unlawful and knowing sexual contact with T.J. by touching T.J. on her vagina. Johnson points out that the evidence at trial established that all of these events occurred within a fifteen-minute period as part of a single continuous transaction of sexual abuse. He argues that separate convictions for these three related events are barred by double jeopardy. *See Tookak v. State*, 648 P.2d 1018 (Alaska App.1982).

■ Multiple convictions for sexual contact and sexual penetration which occur as part of a single transaction cannot stand. *Tookak*, 648 P.2d at 1022–23. *See also Oswald v. State*, 715 P.2d 276, 280 (Alaska App.1986) (where acts of digital and genital penetration occurred within moments they constituted a single continuous assault and not separate assaults). Separate convictions for multiple acts of penetration involving different openings of the victim's or the defendant's body are per-

missible. *See, e.g., Rodriquez v. State*, 741 P.2d 1200 (Alaska App.1987). Reading these cases together, we conclude that two acts of sexual contact performed as part of a single transaction with a single incident of sexual penetration permit but one conviction for the most serious contact, in this case the sexual penetration.

The state recognizes the general rules governing this case and concedes that one of the charges of sexual contact merged with the charge of sexual penetration. The state argues, however, that one of the acts of sexual contact and the act of sexual penetration took place after a brief interruption in the sexual abuse. The state points to evidence that after fondling T.J.'s vagina, Johnson terminated the incident and had T.J. leave the bedroom and fetch vaseline from the bathroom. It was not until T.J. had returned to the bedroom with the vaseline that Johnson penetrated her as charged in Count I. Relying on *Oswald*, 715 P.2d at 281, the state argues that the break in the time and circumstances of the abuse caused by T.J.'s excursion to the bathroom was sufficient to justify two separate convictions, one for sexual contact before T.J. left the room and one for the resulting sexual penetration when she returned.

*Oswald* is distinguishable for two reasons. First, in *Oswald*, the court dealt with two separate acts of sexual penetration. Here, an act of sexual contact was followed by acts of sexual contact and sexual penetration. More significantly, the time break in *Oswald* was substantially greater than was present here. Under the totality of the circumstances, only one conviction for sexual penetration was warranted by the evidence in this case. On remand, the trial court shall strike the convictions for Count II and Count III.

■ Johnson next argues that the trial court erred in failing to find that he had proved by clear and convincing evidence two mitigating factors: (1) the offense was among the least serious included within the definition of the offense, AS 12.55.155(d)(9); (2) the harm caused by his conduct in sexu-

ally abusing T.J. was minor and inconsistent with the imposition of a substantial period of imprisonment, AS 12.55.-155(d)(13). We are satisfied that the trial court did not err in finding that Johnson had failed to prove either of these mitigating factors by clear and convincing evidence. Johnson had previously been charged with an unrelated incident of sexual abuse of the same victim, and should have been put on notice of the inappropriateness of his behavior. *Cf. Goodman v. State,* 756 P.2d 918 (Alaska App.1988) (significance of a prior child in need of aid proceeding based on alleged sexual abuse). Moreover, his conduct in the instant case involved both sexual contact and sexual penetration with a young victim. The emotional trauma suffered by such a young victim cannot be underestimated. Johnson has not shown that his actions were among the least serious within the definition of the offense.

■ For the same reasons, the trial court did not err in failing to find that the instant offenses and any previous offenses by the defendant involved consistently minor harm which is inconsistent with the imposition of a substantial period of imprisonment. First of all, it appears that Johnson was sentenced as a first felony offender. This mitigating factor is primarily aimed at defendants who are subject to presumptive sentencing because of prior felony convictions. In contrast, where only a single conviction is being considered, the appropriate mitigating factor covering minimally criminal conduct causing minor harm is AS 12.55.155(d)(9). In any event, the harm caused by sexual abuse of a minor, even in the most mitigated cases, is not consistently minor and inconsistent with the imposition of a substantial period of imprisonment. The legislature clearly intended a substantial period of imprisonment for those convicted of sexual abuse of a minor. How substantial the sentence should be, depends, of course, upon the totality of the circumstances, but it appears that this mitigating factor would almost never be appropriate for consideration in a case of sexual abuse where the victim was a ten-year-old child.

■ Johnson next argues that the trial court erred in failing to find the nonstatutory mitigating factors of family reunification and potential for rehabilitation. *See, e.g., Smith v. State,* 711 P.2d 561 (Alaska App.1985). Alternatively, he argues, measured against the criteria established in *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970), a total sentence of eight years for his conduct is clearly mistaken and therefore manifestly unjust. *Lloyd v. State,* 672 P.2d 152, 155 (Alaska App.1983). Consequently, he argues, the trial court erred in failing to refer his case for sentencing to a three-judge panel. AS 12.55.-165–.175. We are satisfied that the trial court did not err in failing to find manifest injustice under either theory advanced by Johnson. Given the fact that the child had previously been taken out of the home because of Johnson's sexual abuse, this is clearly not a mitigated case in which a sentence of eight years would be manifestly unjust. *See, e.g., Seymore v. State,* 655 P.2d 786, 788 (Alaska App.1982).

In *Seymore* we approved a sentence of twenty years under former law for sexual contact including penetration with a stepdaughter. We commented:

> We place primary emphasis on the fact that Seymore was formerly convicted of similar instances involving his stepdaughter. He was treated leniently by the court. He is now back before the court for essentially the same type of offense.

*Id.* at 788.

While Johnson was not formally convicted of similar incidents, his sexual abuse of the victim was publicized and corrective efforts taken. Bearing in mind that Seymore received a sentence of twenty years, and Johnson received an eight-year presumptive term, we are satisfied that the latter was not manifestly unjust. We also conclude that failure to consider the impact of Johnson's sentence on his family's potential reunification and Johnson's potential for rehabilitation does not render an eight-year sentence manifestly unjust. *Winther*

*v. State,* 749 P.2d 1356, 1359–60 (Alaska App.1988).

 Johnson next argues that the trial court erred in failing to allow him allocution. It appears that Judge Kauvar intended to allow allocution but overlooked it. Alaska Rule of Criminal Procedure 32(a) clearly gives Johnson the right to allocution before sentence is imposed. The rule has not been interpreted to require allocution before the court rules on mitigating factors or decides whether to refer the case to a three-judge panel. *See* Alaska R.Crim.P. 32(c) and (e). Where presumptive sentencing is not involved, a failure to allow allocution is harmful error warranting remand for resentencing. *See Mohn v. State,* 584 P.2d 40, 44 (Alaska 1978). Denial of allocution may be harmless where the defendant is subject to presumptive sentencing and no aggravating or mitigating factors are established, and the totality of the circumstances would not warrant referral to a three-judge panel for sentencing. *See, e.g., Koteles v. State,* 660 P.2d 1199, 1200–01 (Alaska App.1983).

 In this case, Judge Kauvar had already rejected proposed mitigating factors and possible referral to the three-judge panel before Johnson would have been entitled to allocution. If there was a theoretical possibility that Johnson's exercise of allocution might have swayed the trial court into reconsidering its rejection of mitigating factors, or referral of the case to a three-judge panel, we would not find harmless error. In such a case, we would remand the case to permit Johnson to make allocution and the trial court to consider anew the alleged mitigating factors and the request for referral to the three-judge panel. Judge Kauvar did not consider this case a close case on these issues. Having carefully reviewed the record, we are of

the view that Judge Kauvar, having decided these issues, would not have reconsidered them after hearing allocution. There is nothing in Alaska R.Crim.P. 32 that would require her to do so.[1] Under these circumstances, we are satisfied that the oversight in denying Johnson allocution was truly harmless beyond any reasonable doubt.

Richard Johnson's conviction on Count I is AFFIRMED. Johnson's convictions for Counts II and III and the resulting sentences are VACATED, and these counts are REMANDED to the trial court for dismissal. Johnson's sentence on Count I is AFFIRMED.

---

1. *Deal v. State,* 587 P.2d 740 (Alaska 1978), is distinguishable. In *Deal,* the court held that the trial court had mistakenly concluded that it lacked discretion to suspend a minimum ten-year sentence for armed robbery. The court rejected a harmless error argument stating: "There is no way to ascertain what sentence the court would have given if it had entertained a correct view of its discretionary power." *Id.* at 741. In contrast, the presumptive term was obligatory for Johnson in the absence of mitigating factors or referral to the three-judge panel; Judge Kauvar carefully considered and rejected Johnson's position on these issues. There is no reasonable possibility that anything Johnson could have said would have changed the result in this case given the weakness of Johnson's position on the law as Judge Kauvar perceived it.